## NICHOLS *vs.* BAIN.

Where, upon a trial in a justice's court, a deed of real estate is offered in evidence, not to establish a title to land, but to show the performance of a condition precedent to the defendant's liability upon the instrument sued on, the justice should receive the deed, the same as other evidence, and retain jurisdiction of the cause.

THIS action originated in a justice's court, and was brought to recover $25, subscribed to a paper of which the following is a copy :

"In consideration of one dollar, to us in hand paid, receipt of which is hereby acknowledged, and for other good and sufficient reasons, we hereby agree, severally, to pay to Hosea Nichols, or his order, the sum set opposite our respective names, &c. on condition that said Nichols shall purchase the mill property and water power, in the village of Fort Miller,

owned by the heirs of the late Barent and John R. Bleecker, &c. and improve, and bring said water power into use."

The complaint, after setting forth the said agreement, averred due performance of the conditions precedent. The answer denied all the allegations of the complaint.

On the trial, after proving and reading the foregoing instrument, the plaintiff offered in evidence a deed of the water power property at Fort Miller to the plaintiff, from the heirs of Barent and John R. Bleecker, which was objected to by the defendant, on the ground that it brought in question the title to real estate, which title the defendant disputed, and that this ousted the justice of his jurisdiction. The justice sustained the objection, and on the defendant's motion, dismissed the action, for want of jurisdiction.

On appeal, the county court of Washington county sustained the ruling and affirmed the judgment. The plaintiff appealed to this court.

*Job G. Sherman,* for the plaintiff.

*Jas. S. Coon,* for the defendant.

*By the Court,* JAMES, J.    The purchase of the mill property and water power in the village of Fort Miller, owned by the heirs of Bleecker, its improvement, and bringing the water into use, were conditions precedent to a right of action on the instrument sued on. Such purchase could only be by deed, and therefore that instrument was the best, if not the only, admissible evidence of such purchase.

In averring due performance of all the conditions precedent, the plaintiff, in legal effect, asserted the purchase of said mill property and water power ; and the general denial in the answer necessarily put in issue that purchase, and thus the plaintiff was put to the proof thereof.

Nichols *v.* Bain.

The 59th section of the code, which is a substantial transcript of 2 *R. S.* 237, ·§ 63, declares that "in actions commenced in a justice's court, if it appear on the trial, from the plaintiff's own showing, that the title to real property is in question, and such title is disputed by the defendant, the justice shall dismiss the action," &c.

Other sections of the code provide for dismissing the action where title shall be pleaded. The purpose of the statute is that a justice of the peace, shall not in any case have jurisdiction to try a disputed title to real property. But did it appear on this trial from the plaintiff's own showing that the title to real property was in question? It seems to me that it did not. A deed of real estate was introduced in evidence, not to establish a title to land, for that was not the issue, but to show the performance of a condition precedent to the defendant's liability upon the instrument which was the foundation of the action. That condition precedent was, that the plaintiff should purchase certain property owned by certain heirs. And a purchase from them was a performance, even though they had but an imperfect title. It was the purchase from said heirs, and not the extent or validity of their title, which was the fact sought to be established by the introduction of the deed in evidence; although I do not mean to admit that it would make any difference even had the plaintiff tried to establish a perfect title.

It was said in *Main* v. *Cooper*, (25 *N. Y. Rep.* 184,) that "in all cases when deeds or paper evidences of title to real estate are introduced before a justice of the peace, he is entitled to consider the purpose for which they are introduced. If they are merely introduced incidentally, to establish some collateral fact not involving any title to, or interest in lands, he is to receive them like other evidence."

It was in this light that the justice, on the trial of this cause, should have permitted the introduction of the deed. It did not put in question any title to, or interest in, lands,

The title was collateral to the main issue on trial, and therefore the deed should have been received as other evidence, and jurisdiction of the cause retained.

Judgment of the county court and justice reversed.

[CLINTON GENERAL TERM, July 12, 1864. *Potter, Bockes, James* and *Rosekrans,* Justices.]