---
Taylor *v.* Scoville.
---

---

## TAYLOR *vs.* SCOVILLE.

It is doubtful whether an appeal to the Supreme Court can be taken from an order of a county court denying a new trial, until after judgment, and then only in connection with an appeal from the judgment. *Per* JAMES, J.

Where the issue in a justice's court is fraud, and the title to land only collateral—a fact from which the main issue may be inferred—evidence of title in another, instead of the defendant, may be received.

Where the gravamen of an action was that the defendant, by false representations induced the plaintiff to labor for him, under the belief that the defendant was solvent and able to pay the price agreed upon for such work, and stated that he owned the farm, as an evidence of such ability, yet there was no proof of the defendant's insolvency, or inability to pay for such labor, but on the contrary his responsibility affirmatively appeared; *Held* that unless the defendant was insolvent or unable to pay, no fraud was perpetrated upon the plaintiff; and that it was therefore erroneous for the judge to charge that "if the jury found that the defendant was not the owner of the farm, it was a misrepresentation which would justify their finding for the plaintiff;" the assertion of a falsehood as to the defendant's ownership of the farm, of itself producing no injury to the plaintiff.

To entitle a party to recover for fraud or deceit, there must have been an assertion of a falsehood, with a fraudulent design, as to a fact, with a direct and positive injury arising from such assertion.

Taylor *v.* Scoville.

THIS cause originated in a justice's court. The action was for obtaining work and labor by false and fraudulent representations. The answer was a denial, special agreement and breach, misconduct, negligence, damage, and recoupment.

The representations averred in the complaint were, that at the time of hiring, the defendant represented that he was the owner of a farm, describing it, a brewery, a house of the value of $1000, and other property; was solvent and worth a large amount of money; that relying upon such statements the plaintiff worked, &c.

On the trial before the justice the plaintiff obtained judgment for $32.76 damages. The defendant appealed, and the cause was tried in the county court, before a jury, who rendered a special verdict "for the plaintiff (on the misrepresentations of the defendant in regard to his owning a farm) for $22.75." On the coming in of the verdict the defendant moved for a new trial on the minutes, which was denied.

The defendant appealed from the order denying a new trial, before judgment, which is the case now before us.

*L. Varney,* for the appellant.

*Davis & Harris,* for the respondent.

*By the Court,* JAMES, J. The grounds on which a new trial was asked do not appear in the motion or the case. The appellate court ought to be informed of the grounds of a motion, the determination of which it is asked to review and reverse. Why did the defendant move for a new trial? For aught that appears, it may have been for some irregularity in impanneling the jury; or it may have been upon exceptions, or for insufficient evidence, or excessive damages; as we are not informed, we cannot know unless it can be spelled out from the case.

The case contains several exceptions to the reception and rejection of evidence, and to the charge, and refusal to charge, of the court. These questions could be more properly presented and reviewed on an appeal from the judgment. It is doubtful if an appeal to this court can be taken from an order of a county court denying a new trial, until after judgment, and then only in connection with an appeal from the judgment. But as no motion has been made to dismiss the appeal, and no objection taken to its being heard and considered, it is best that it be now disposed of.

There was no force in the position that the title to real property came in question, by the plaintiff's own showing, whereby the justice was ousted of his jurisdiction, as defined by the Code, § 59. The issue in this case was fraud; the title to the farm was only collateral, a fact from which the main issue might be inferred, and therefore the evidence of title in another, instead of the defendant, was properly received. (*Nichols* v. *Bain*, 42 *Barb.* 353. *Burhans* v. *Nutt*, *MS.*)

It was urged that the defendant's presumptive title to the farm arising from actual possession was not overcome by the deed to the defendant's wife, because it did not appear that her grantor had title. But as that objection is one which might, perhaps, have been obviated if taken on the trial, and was not, it cannot be raised here.

The learned county judge, among other things, charged the jury as follows: "The plaintiff had the means of knowing whether the representations that the defendant owned a brewery and a house worth $1000, when he commenced work, were true; but if they found the plaintiff had no means of knowing the representation that the defendant was the owner of the farm was true, and if they found from the evidence that the defendant did state to the plaintiff, at the time of hiring, that he was the owner of the farm upon which he resided, and that he was not the

Taylor *v.* Scoville.

owner of said farm, it was a misrepresentation to the plaintiff, and they would be justified in finding for the plaintiff on that ground alone." The latter part of this charge was duly excepted to. The finding of the jury was based on the law as thus stated.

This charge was erroneous in more particulars than one. The gravamen of the action was that the defendant, by false representations, induced the plaintiff to labor for him under the belief that the defendant was solvent and able to pay the price agreed upon for such work, and stated that he owned the farm, as one evidence of such ability; and yet there was no evidence of the defendant's insolvency, or inability to pay for such labor. On the contrary, from the property shown in his possession, his responsibility affirmatively appeared. Unless insolvent, or unable to pay, no fraud was perpetrated upon the plaintiff. To entitle a party to recover for fraud or deceit, there must have been an assertion of a falsehood, with a fraudulent design, as to a fact, with a direct and positive injury arising from such assertion. The assertion of a falsehood as to the defendant's ownership of the farm, of itself, produced no injury to the plaintiff. If the defendant paid the plaintiff for his labor, or was able to pay, it was a matter of indifference to the plaintiff whether the defendant, or his wife, had title to the farm. Therefore the county judge erred in charging that "if the jury found that the defendant was not the owner of the farm, it was a misrepresentation which would justify their finding for the plaintiff."

For this error the order of the county court must be reversed, and a new trial ordered in the county court, with costs to abide the event.

[ST. LAWRENCE GENERAL TERM, October 27, 1868. *James, Rosekrans, Potter* and *Bockes*, Justices.]