## TAYLOR v. SCOVILLE.

*Contract — rescission of, for fraud in — injured party may rescind and recover upon a quantum meruit.*

Defendant represented to plaintiff that he owned a farm worth $7,000. Plaintiff believing this agreed to work for defendant as a farm laborer for eight months. Defendant's wife owned the farm, although plaintiff owned the personal property thereon, which was worth $1,000. *Held,* that the misrepresentation was a material one, and that plaintiff, on discovery of its falsity, had a right to rescind the contract and bring action to recover for services already performed thereunder.

APPEAL by plaintiff from a judgment in favor of defendant entered upon the verdict of a jury in the Saratoga county court.

The action was brought in a justices' court by Samuel J. Taylor against Amos J. Scoville to recover for work, labor and services. The plaintiff recovered a judgment in the justices' court, from which defendant appealed to the county court, where the cause was retried

and a verdict rendered for plaintiff. From the judgment entered thereupon, defendant appealed to the general term, where the judgment was reversed and a new trial ordered. The case, upon that appeal, is reported 54 Barb. 34, where the material facts appear very fully. From the new trial had, in pursuance of the order upon that appeal, this appeal is taken. The facts in the case sufficiently appear in the opinion.

*E. D. Harris*, for appellant.

*L. Varney*, for respondent.

LANDON, J. When this case was before this court, on a former appeal (54 Barb. 34), it had been tried as an action to recover damages on account of the defendant's fraud. The judgment obtained by the plaintiff was properly reversed, because the court below had in substance charged the jury that the plaintiff could recover upon the fraud of the defendant, without showing himself injured thereby; that is to say, not because the plaintiff had sustained damage, but because the defendant had done wrong. The action has been retried, resulting in a judgment in favor of the defendant, from which the plaintiff appeals.

The county court, upon the retrial, treated the action as founded upon contract. Such it manifestly is. The complaint states no cause of action unless it is for services rendered upon contract. The case may be examined upon its merits. The plaintiff agreed with the defendant to work for him as a farm laborer for $20 per month. The plaintiff testified, that at the time of the hiring the parties were strangers to each other, and the defendant represented to the plaintiff, that he had a farm worth $7,000, and other property. Plaintiff also testified, that he would not have entered into the defendant's employment, but for his representation that he owned the farm. He worked for the defendant two months, then discovered that the defendant's wife owned the farm, quit work, and sued for his wages. 

The defendant denied making any such representation; testified that the plaintiff agreed to work eight months; that though he did not own the farm, he owned the personal property upon it, of the value of more than $1,000, and was out of debt.

Now, if the plaintiff swore to the truth, the defendant made to

Taylor v. Scoville.

him a material misrepresentation largely affecting his credit. If defendant's representations were true, the plaintiff would be reasonably sure of receiving payment for his eight months' labor.

When they proved to be false, he had no reasonable or sufficient surety. For the man who is in the position to interpose his wife's title as a shield against the payment of his honest debts, is in a position to defraud his workmen,, at least to excite their distrust. Fraud vitiates the contract which it taints, and the plaintiff upon discovery had the right to rescind it, and recover for what he had done. The defendant could not insist upon the full performance as a condition precedent to recovery, for that would enable him to take advantage of his own wrong. The fraud of defendant does not constitute the ground of recovery, but does excuse the plaintiff's further performance. If the contract had been fully executed by the plaintiff before discovery of the fraud, the fraud would have been immaterial, unless he could show damage resulting from it. But while a contract remains executory, in whole or in part, the discovery of the fraud gives the innocent party the right to rescind it. One may not recover for the fraud, which has not harmed him, but when he detects it, he may avoid further risk from it. That he has not been hurt in the past, imposes no obligation for the future. It is obvious, that every man has the right to judge for himself, upon what risk or credit he will part with his time, his labor, or his property; and if he is induced to agree to part with them upon a material misrepresentation as to the character of that risk or credit, no court of equity will decree specific performance, and no court of law should punish for non-performance. But such punishment was administered to this plaintiff. The court charged the jury, "if the defendant tells the truth in regard to his property, then it affirmatively appears that at that time he was solvent, and that no injury arose to the plaintiff, although the defendant did not own the farm as he stated, but had personal property enough to pay the debt." The plaintiff duly excepted to this and other portions of the charge and to refusals to charge, in which the principle we have discussed is involved.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

*Judgment reversed and new trial ordered.*