## Gage, executor &c. *vs.* Hill and wife.

Where it appears, in an action before a justice of the peace, that the title to land is in question, and that such title is disputed by the defendant, the justice is prohibited from taking cognizance of the action, and is bound to dismiss it.

If he proceeds in the suit, after it appears that the title to land is in question, and is disputed, his proceedings are without authority, and his judgment void, for want of jurisdiction.

Evidence of the proceedings and judgment in such an action is not admissible in a subsequent suit between the same parties, for the purpose of establishing the fact that the question involved in the latter suit had been decided in the former action before the justice, and that the judgment there was conclusive, and the controversy in the second suit *res adjudicata.*

In order to render a judgment, on a fact or title distinctly put in issue, an estoppel, in another action between the same parties and their privies, in reference to the same subject matter, it is essential that the tribunal which passed upon the question in the former suit should have had jurisdiction.

APPEAL from a judgment entered upon the report of a referee. This action was brought for an alleged assault and battery, committed by the defendant Maria Hill upon Anna German, deceased, of whom the plaintiff is executor.

Gage *v.* Hill.

The plaintiff claimed a prescriptive right to use the well on the premises of the defendant Augustus Hill, and while attempting to remove boards nailed upon the top of the curb, the defendant Maria Hill wrenched an axe out of her hands and assaulted her. The defendant Augustus Hill claimed title in fee to the well and the premises on which it was located, and had actual possession of the same and claimed a lawful right to defend such possession. The referee found in favor of the plaintiff for the sum of forty-five dollars damages, for the assault and battery, and judgment was entered on his report. The questions raised on the trial, so far as material, appear in the opinion. The defendant appealed from the judgment entered on the referee's report, to the general term of the supreme court.

*L. Tremain,* for the appellants.

*S. A. Givans,* for the respondent.

*By the Court,* MILLER, J. The trial of this cause involved the question whether the original plaintiff, Anna German, deceased, had a prescriptive right to use a certain well on the premises of the defendant Augustus Hill. The referee allowed the plaintiff to give in evidence a recovery previously had, in a justices' court, in favor of the plaintiff, against the defendant Augustus Hill, involving the title to the well. The complaint in that action admitted that the defendant was in possession of the well, and claimed to recover upon the ground that the plaintiff had title to the well, and a right to draw water from it for her family use. This title was disputed by the defendant; and upon the trial, the defendant, in various forms, and repeatedly, requested the justice to dismiss the cause, upon the ground that it appeared from the plaintiff's own showing that title to real property was in question, which was disputed, and for that reason the justice had no jurisdiction of the action. The defendant also

objected to the evidence of title which was introduced at different times, and the question was frequently presented to the justice upon the trial, and decided adversely to the defendant by him, he finally rendering a judgment in favor of the plaintiff. The plaintiff in that action, before the cause was finally submitted, undertook to obviate the difficulty by consenting that those portions of the evidence bearing upon the question of title should be stricken out. This was not done, however, and the testimony and proceedings before the justice, which are quite voluminous, show that the case involved a question of title to real estate, which was disputed. The evidence introduced upon the trial of this action was offered for the purpose of establishing that the question involved had been decided in the suit before the justice, adversely to the defendant, and that the judgment there was conclusive, and the controversy here was *res adjudicata*. It was objected to by the defendant upon several grounds, and particularly upon the ground that the justice had no jurisdiction to determine the question of title involved in this action, and that it did not determine any question of actual possession of the well or premises that might then or subsequently exist. I think the referee erred in admitting the evidence introduced. The proceedings before the justice clearly showed that the title to land was involved, by the plaintiff's own showing, and that the title was disputed by the defendant. The justice was prohibited from taking cognizance of the action, and was bound to dismiss the case the moment it appeared that the title to the land was in question, and that such title was disputed by the defendant. (*Code,* §§ 54, 59.) The principle is too well settled to require any elaboration, and the authorities are numerous upon the question. (*Main* v. *Cooper,* 25 *N. Y. R.* 180. 6 *Wend.* 465. 15 *id.* 342. 19 *id.* 373. 6 *Hill,* 342. 20 *Wend.* 96. 6 *Hill,* 537.)

I think that the judgment of the justice was void, as he had no jurisdiction. The moment it appeared from the plain-

Gage *v.* Hill.

tiff's evidence that the title to real property was in question, and such title was disputed by the defendant, he should have then dismissed the action, and his proceedings afterwards were without authority. They were as nugatory as if he had tried an action for assault and battery, false imprisonment, or any other action which the law prohibits him from taking cognizance of. In order to constitute a judgment, on a fact or title distinctly put in issue, an estoppel in another action, between the same parties and their privies, in reference to the same subject matter, it is essential that the tribunal passing upon the question should have jurisdiction. It is only when they act within the sphere assigned to them that their adjudications are binding upon the parties, in future controversies relating to the same matter. (2 *Phillips' Evidence*, 13, 14. 2 *Cowen & Hill's Notes*, 12.) The moment a tribunal of limited jurisdiction goes beyond its sphere of action, its proceedings are *coram non judice* and void. The question is one of jurisdiction, and no act can confer power when it does not originally exist, and its exercise is expressly prohibited. A judgment obtained under such circumstances was void, and would not stand upon review before any superior tribunal. Although unimportant, it was conceded on the argument that the judgment has since been reversed. We are referred to a manuscript report of the case of *Brandon* v. *Morss*, decided in the court of appeals, as an authority for the doctrine that where the defendant did not file an undertaking, the justice could rightfully proceed with the cause. It does not appear distinctly, in this case, that the question of title was presented by the pleadings, or that it appeared by the plaintiff's own showing and was disputed, and that a motion was then made to dismiss the cause upon that ground. The case is not in point, and is far different from one which presents strong and conclusive evidence and unmistakable ear-marks that the justice improperly, without jurisdiction and against the repeated objections of the defendant, tried the question of title.

Nor was the evidence competent upon the question of possession. The complaint in the action before the justice admitted possession in the defendant, and upon the trial of this action the plaintiff's counsel admitted such possession, and the referee so found.

For the error referred to, there must be a reversal of the judgment. And as the original plaintiff is deceased and the cause of action does not survive, and no new trial can be had, an examination of the other questions raised becomes unnecessary and unimportant; and the order should be, that the judgment entered on the report of the referee be reversed, without costs to either party.

Judgment accordingly.

[ALBANY GENERAL TERM, March 7, 1864. *Peckham, Miller* and *Ingalls,* Justices.]