## SUPREME COURT.

PETER BALJA, respondent agt. DANIEL RAWLEY, appellant.

Where a disputed question as to an *agreement* by the defendant to allow plaintiff to saw a certain quantity of wood on the farm of the defendant for about two months after the lease from the defendant to the plaintiff of said premises, was surrendered and given up, having been fairly submitted to the jury, on a trial in the county court, on appeal from a justices' court, and they having found in favor of the plaintiff, their finding is *conclusive*, on appeal to this court.

Such an agreement being based upon a good consideration is valid by *parol*.

An objection taken by defendant on the trial in the justices' court, that plaintiff, by his own showing, had brought *title to land in question*, which was disputed by defendant, is an intermediate objection, arising during the trial out of the evidence offered or introduced, and to bring the same before the county court, it would be necessary to show a portion, if not all of the evidence given on the part of the plaintiff to enable the county court to judge correctly as to the merits of the objection.

The Code (§ 360) says the justice need not return any of the evidence. Of course that section does not contemplate that the county court shall hear an issue of law on parol evidence of what took place in the justice's court. Besides, th e question of title in fact, did not arise in this case.

*Sixth District, Binghamton, General Term, November,*1868.
*Before* BALCOM, BOARDMAN, PARKER *and* MURRAY, *Justices.*
ON the 4th day of December, 1861, the defendant was the owner of a farm of land situated in the town of Solon in the county of Cortland ; and on that day leased the same to the plaintiff, for the term of five years commencing on the first of March, 1862 ; at which time plaintiff took possession of the farm under the lease, and continued in the possession of the whole premises until the 26th of January, 1864, when some difficulty arose between the parties in relation thereto, and they entered into an agreement by which the said lease was surrendered, and the defendant re-took the possession of the said premises, except that the plaintiff was to live in the house and keep his stock on the farm until the first of March, 1864. Plaintiff insists that it was also agreed that he was to have the privilege of sawing up

a certain quantity of wood thereon. The defendant denies that there was any such agreement. The plaintiff in accordance with his understanding of the agreement, attempted to saw up such wood thereon, and was prevented by the defendant interfering with, and about, the sawing machine, and was forbid bringing the machine on the premises.

The plaintiff brings this action in trespass for thus interfering, which was first tried before a justice of the peace, in Cortland county, and plaintiff obtained a judgment of $40.00 from which defendant appealed to the county court of Cortland county, where it was retried, and plaintiff obtained a verdict of $62.50. Defendant applied to the county court for a new trial, which was denied, and judgment was entered in favor of the plaintiff, and defendant appealed to this court.

WATERS and WATERS, *for appellant.*
BALLARD and WARREN, *for respondent.*

*By the court,* MURRAY J. The disputed question as to the agreement by the defendant to allow plaintiff to saw a certain quantity of wood on the premises of defendant, after the lease was surrendered, having been fairly submitted to the jury, and they having found in favor of the plaintiff, their finding is conclusive.

The agreement by which the plaintiff reserved the right to saw wood on the defendant's farm for a term less than two months being based upon a good consideration, was valid by parol. But by several exceptions, taken upon the trial to the reception of evidence, and by the two motions for nonsuit and an exception taken to the judge's charge in submitting to the jury whether such a right was reserved or not, the point is made by the defendant, that the proof on the part of the plaintiff on that question, showed that the title to real estate came in question, and was not within the issues to be tried by the county court.

By subdivision 4, of section 366 of the Code, the county court may try the title to lands, on appeal from justices' court, if within the issues framed (*Whitcomb & May* agt. *Greene*, 2 *Denio*, 113). The question if presented by the proof, came fairly within the issues, and was properly tried. But a question of title did not arise on the trial. By the agreement between the parties, that plaintiff might saw up a certain quantity of wood on defendant's farm, then lying thereon and belonging to the plaintiff—all to be done within two months, is not an agreement with relation to the title to real estate. It gives the plaintiff no estate in the premises. It is a mere privilege thereon, admitting the title to be in the defendant, and was within the issue, and proper to be tried and submitted to the jury. There was no error in the rulings in relation thereto, and none in the charge, (*O'Reily* agt. *Davies*, 4 *Sandford*, 722—2 *Wait's Pr.*, 30; *Doolitle* agt. *Eddy*, 7 *Barb.*, 75). The plaintiff in making out his case, offered in evidence a lease of defendant's farm for five years, given by defendant to plaintiff, in December, 1861, and which was surrendered on the 20th day of September, 1864, when the subsequent parol agreement referred to above, was made; and on such surrender, and as a part consideration thereof, it is insisted the said parol agreement was made. That lease was objected to by defendant, on the ground that it was not within the issue to be tried. It was proper and competent evidence to show the transaction out of which the subsequent agreement arose. (*Nichols* agt. *Bain*, 42 *Barb.*, 353, same case 22 *How. Pr. R.*, 286; *Maine* agt. *Cooper*, 25 *N. Y. R.*, 184).

The defendant offered to prove by the justice before whom the cause was tried, that from plaintiff's own showing before him, the title to real property was in question; that such title was then disputed by defendant, and he was asked to dismiss the cause, on that ground and refused.

On a trial before a justice of the peace, when by plaintiff's own showing the title to lands comes in question, and

that title is disputed by defendant, it is the duty of the justice to dismiss the cause (*Code, sec.* 59). If he refuses to dismiss the cause, and proceeds with the trial, he proceeds without jurisdiction and his proceedings are void. (*Gage* agt. *Hill,* 43 *Barb.,* 44).

It is contended on the part of the defendant that this is such a case; that after it so appeared, and title was disputed, the justice proceeded without jurisdiction and rendered judgment for plaintiff, and that defendant appealed from that judgment and had a retrial in the county court, and he insists that he has the right to prove it in the county court, by parol, and that on such proof the county court should have dismissed the cause.

By section 360 of the Code on an appeal where a retrial is to be had, the justice is required to return the papers with proof of service, pleadings, proceedings and judgment. It is expressly provided that the evidence need not be returned. By section 366 of the Code, it is provided that the county court on a retrial shall proceed to a hearing of the cause, if the issue joined before the justice, was an issue of law, or to a trial thereof by jury, if such issue was a question of fact. If the issue joined before the justice was an issue of law, the court shall render judgment thereon according to the law of the case, and if such judgment be against the pleadings of either party, an amendment of the pleadings may be allowed on the same terms and in like cases as pleadings in actions in the supreme court. And the court may thereupon require the opposite party to answer such amended pleadings, or join issue thereon, as the case may requre, summarily.

If upon an appeal in an issue of law, the court should adjudge the pleadings complained of, to be valid, it shall in like manner require the opposite party summarily to answer such pleadings or join issue thereon, as the case may require.

Upon an issue of fact being joined, the court shall proceed to hear the same tried by a jury in the same manner as issues joined in the supreme court are tried.   Every issue of fact so joined or brought up on an appeal, shall be tried in the same manner, as in actions commenced in the supreme court.   By section 64 of the Code there are two kinds of issues formed in the justices' court, an issue of fact, formed by complaint and answer, and an issue of law, formed by the defendant's demurrer to the complaint or plaintiff's demurrer to the answer.    The question here arises, is the county court on a retrial authorized to try any other question except those arising on the trial of the issues as formed under the 64th section of the Code ?   Section 360 and 366 of the Code, providing for a return of the justice on retrial in the county court, is very similar to sections 194 and 210 and several following sections of 2d *R. S.*, *page*, 260 and 262, providing for the justices' return and a retrial of the cause in the common pleas on appeal from justices' court, with this exception : that § 360 of the Code, requires the justice to return the process and proof of service, and § 194 of *R. S.* did not require it.   Under that statute, it was decided that before the issue was joined before the justice, the defendant by objection, or motion to dismiss, could bring up a question affecting the jurisdiction of the justice over the person of the defendant, or the subject matter of the action, and if the objection was overruled, he could join issue and try the cause, and on appeal on a new trial, renew the objection or motion, in the county court; and if the court erred in its rulings, the defendant could take advantage of it on appeal to the supreme court.   It was regarded as an issue of law formed in justices' court. (*Bennett* agt. *Ingersol*, 24 *Wend.*, 113 ; *Malone* agt. *Clark*, 2 *Hill.* 652 ; *Swartwout* agt. *Roddis*, 5 *Hill.*, 118).

Wait in his practice (2 *vol.*, *pages*, 809, 810) lays down the same practice as applicable and proper under the Code, in case of retrial in the county court.   Such motions and

such objections are allowable in justices' court under the present practice.

And according to the principle of the above cited cases it would be an issue of law, and come within the provisions of the Code (§ 368).

The objection in the case at bar, being that plaintiff by his own showing had brought a title to land in question which was disputed by defendant is an intermediate objection arising during the trial out of the evidence offered or introduced, and to bring the same before the county court, it would be necessary to show a portion, if not all of the evidence given on the part of the plaintiff, to enable the county court to judge correctly as to the merits of the objection. The Code § 360, says the justice need not return any of the evidence. It will hardly be contended that the legislature in forming § 360 of the Code, contemplated that the county court should hear an issue of law on parol evidence of what took place in justice's court.

.I conclude from this, that this question is not an issue of either law or fact to be tried or heard in county court on appeal from justices' judgment, under § 366 of the Code.

The judgment should be affirmed with costs.

BALCOM, P. J., PARKER and BOARDMAN, J, concur in the result.