## Noble *et al. versus* The Thompson Oil Co. to the use of Brown *et al.*

1. Oyer of a record averred in pleadings is not demandable.
2. A record of a judgment was set up in a plea, the plaintiff craved oyer, which was ordered, and the record was filed; there was no exception taken; the parties afterwards agreed to waive informality in the certificate and the defendant filed a supplemental record. *Held*, that error as to ordering oyer was waived.
3. A corporation of Pennsylvania where it did business recovered a judgment there, and immediately bonâ fide assigned it of record to citizens of that state. *Held*, the assignment being valid in Pennsylvania, was valid everywhere.
4. The assignees took the judgment subject to the equities between the parties at the time of the assignment, and to payments which might be made by the defendants in the judgment before they had notice of the assignment.
5. After the assignment the plaintiff in the judgment had no attachable interest in it.
6. The judgment, as well as the parties, was in Pennsylvania at the time of the assignment.
7. The debtors, defendants in the judgment, resided in New York; a foreign attachment was issued there against the plaintiffs and served on the defendants as garnishees, after the assignment but before the defendants had notice of it. *Held*, that the claim of the assignees was not postponed to that of the attaching creditors.
8. The plaintiff in foreign attachment is in no better situation as to the thing attached than his debtor whose property is sought to be attached.
9. In the foreign attachment judgment was recovered against the plaintiff in the judgment on the ground that the debt had been attached because the debtors, garnishees, were served in New York; in an issue raised, according to the law there, on execution process against the garnishees, it was found as a fact that the assignment had been bonâ fide made in Pennsylvania, but decided as a matter of law that it was no bar to a recovery against the garnishees; judgment was rendered against them and they paid it. *Held* no bar to a recovery by the assignees of the Pennsylvania judgment against the defendants in it.
10. The provision in the United States Constitution that full faith, &c., shall be given in one state to the judicial proceedings of other states, does not preclude the courts of the former state from inquiring into the jurisdiction of courts where the proceedings were had.
11. A judgment *in rem* in foreign attachment is void if the court have no jurisdiction of the property.
12. Notice by the garnishees of the pendency of the proceedings, to assignor and assignee after the judgment had been obtained in the attachment against the assignor, would not change the result; the assignees were not parties or privies and were not bound to appear and contest.

October 18th 1875.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Erie county:* Of October and November Term 1874, No. 188.

This was an action of debt upon a recognisance of bail in error, commenced September 3d 1873, by The Thompson Oil Company, to the use of Elizabeth A. Brown, executrix, Conrad Brown, deceased, John H. Walker, James C. Marshall and F. F. Marshall, against Orange Noble, Ambrose Snow, Theodore Wright and L. L. Lamb; the writ was returned "Nihil" as to Wright and Snow, but Wright appeared to the action.

[Noble v. Thompson Oil Co.]

The declaration set out the recognisance taken December 10th 1867, by the defendants, before the prothonotary of the Court of Common Pleas of Erie county, by which they acknowledged to owe The Thompson Oil Company $54,000, upon condition that Snow, Burgess, Wright & Woods, plaintiffs in error, would prosecute with effect, &c., a writ of error in a certain action in which The Thompson Oil Company, on the 25th of November 1867, recovered against them a judgment for $26,723.50. The declaration averred that on the 27th of November 1867, The Thompson Oil Company, "for a full and valuable consideration, to wit, for money due" by the company to Conrad Brown, assigned to Brown the sum of $23,723.50 of the judgment, and also " for a full and valuable consideration, to wit, for professional services as attorneys at law," assigned to John H. Walker, James C. Marshall and Francis F. Marshall, $3000 of the judgment; it further averred that the judgment was affirmed by the Supreme Court on ·the 28th of November 1868, but the plaintiffs in error had not paid The Thompson Oil Company, nor the assignees, the amount of the judgment.

On the 13th of December 1873, the defendants pleaded, that on the 25th of January 1868, The Woods & Wright Oil Company, a corporation of the state of New York, claiming to be a creditor of The Thompson Oil Company to the amount of $75,000, petitioned the Supreme Court of that state that a writ of attachment, in the nature of foreign attachment, might issue to attach the debt due by Snow, Burgess, Wright & Woods to The Thompson Company; that The Woods & Wright Company having filed their bond for restitution of any money, &c., which might be collected by them under the attachment in case the defendants should defend and succeed in their defence, an attachment was issued and was served on Snow, Burgess, Wright & Woods, then resident in the state of New York, by which the debt due by them was, according to the law of New York, and the practice of the Supreme Court of that state, attached for the benefit of The Woods & Wright Company; that the original process was duly served on The Thompson Company according to the laws of New York and practice of the Supreme Court of that state, by advertisement and sending a copy of the writ by mail to The Thompson Company at Erie, Pennsylvania, and by serving a notice personally on the president at Erie; that on the 24th of September 1868, final judgment was rendered against The Thompson Company in favor of the Woods & Wright Company for $56,251.88, in accordance with the laws and practice aforesaid; that by reason of the attachment and the laws of New York, The Woods & Wright Company acquired a lien on the claim of The Thompson Company against Snow and his co-defendants and garnishees, in the Supreme Court of New York, who became absolutely liable to the plaintiffs

in the attachment for the amount owing by them to The Thompson
Company; that execution was issued on the judgment and the
claim owing to The Thompson Company levied on; that when the
defendants gave notice of the attachment they had no knowledge
of the assignment of the judgment, and had no notice of it until
February 23d 1868; that after the execution against defendants
was issued, and before any further step was taken in the proceed-
ings in New York, the defendants, on the 23d of October 1868,
gave notice to The Thompson Company and the assignees of the
judgment, and authorized them to use the names of the defendants
in any legal proceedings in any court "for the purpose of pro-
tecting the original defendants and garnishees from the necessity
of paying said execution;" that the defendants as garnishees did
further refuse to pay the amount of the judgment of The Thomp-
son Company against them in discharge of the execution, alleging
that it had been assigned as set forth in the declaration; and there-
upon, in accordance with law and practice aforesaid, "on pro-
ceedings for relief supplementary to said execution," the Supreme
Court of New York, on the 18th of December 1868, appointed
W. M. Tweed, Jr., receiver of the "indebtedness from the gar-
nishees to said Thompson Oil Company;" that the receiver com-
menced suit against the garnishees in the nature of a feigned issue,
to try whether the garnishees were entitled to the protection they
claimed by reason of the assignments of the judgment; that the
receiver made his claim for the amount of the judgment in favor
of. The Thompson Company; that the garnishees answered setting
up the assignment and averring that the amount of the judgment
was due to the assignees, under the facts in the case, which were
set out in the answer; that the court referred the claim and answer
to Du Bois Smith, Esq., "to hear and determine the facts and
the law arising upon them;" the facts were proved to the satisfac-
tion of the referee, and on the 29th of July 1869, he decided, as
matter of law, that the assignments by The Thompson Company
were no bar to the recovery by The Woods & Wright Company
against the garnishees, and that there was due by the garnishees
to that company the sum of $30,168.60, being the debt due by
them to The Thompson Company with interest. The Supreme
Court of New York confirmed the award of the referee, and judg-
ment was entered against the garnishees in favor of The Woods
& Wright Company for $20,334.11; that notice of the entry of
the judgment was served on the counsel of the garnishees, and
they caused a copy of the notice to be served on the assignees of
the judgment on the 24th of September 1869; that no steps were
taken by the assignees to have the judgment set aside or to protect
the garnishees; that they afterwards, and before the commence-
ment of this suit, paid The Woods & Wright Company the amount
of the judgment recovered by them in New York, "and thereby

[Noble *v.* Thompson Oil Co.]

satisfied the claim against the defendants in this suit on the recognisance on which suit is brought."

" And this the defendants are ready to verify by the said record, wherefore they pray judgment if the said plaintiff ought to have or maintain their aforesaid action against them."

On the 17th of December 1873, the plaintiffs craved oyer of the record of the Supreme Court of New York, set up in the defendants' plea; oyer was granted January 10th 1874; and copies of the records referred to in the plea were filed.

The exemplification of the record showed the following proceedings :—

On the 25th of January 1868, a warrant issued by a judge of the Supreme Court of New York for the county of New York, on the affidavit of The Woods & Wright Oil Company, to attach the property of The Thompson Oil Company to satisfy the plaintiff's demand of $75,000 with costs, &c. The sheriff returned to the warrant that on the same day he levied " upon property within said county belonging to the defendant, and that said property consisted of an indebtedness to said Thompson Oil Company " from Snow, Burgess, Woods & Wright, for which The Thompson Company had recovered a judgment of $27,000. Alfred D. Snow, president of The Woods & Wright Company, on the 13th of February 1868, filed an affidavit that the defendants in the attachment could not be found in the state; that the defendants were a foreign corporation doing business in Pennsylvania, and one not incorporated by New York, and had property within that state, consisting of an indebtedness to them from Ambrose Snow, &c.

On the 19th of February, upon this affidavit, a judge of the Supreme Court directed that service of the summons in the action be made on the defendants by publication in two newspapers in the city of New York designated by the judge, and that a copy of the summons and complaint be sent by mail to the defendant at Erie, Pennsylvania.

The summons was that the defendants should answer the complaint to be filed in the case, and serve a copy of their answer on the plaintiff's attorneys within twenty days after the service of the summons upon them, and should they fail to answer, the plaintiffs would "apply to the court for the relief demanded in the complaint."

The complaint was filed February 21st 1868.

It set out that the plaintiffs were a corporation organized under the laws of New York; that defendants were a corporation organized under the laws of Pennsylvania; that the plaintiffs, on the 16th of September 1864, were the owners of a large proportion (specified) of certain oil wells in Pennsylvania; that from that time the defendants had received the plaintiffs' share of the product of the wells, amounting in value to $50,000, for which with interest the defendants demanded judgment.

[Noble *v.* Thompson Oil Co.]

Proof having been made of the publication and of the sending by mail of the notice, &c., according to the order of the court, the matter was referred to a referee to take proof of the demand, &c., and report.

The referee reported that there was due from the defendants, The Thompson Oil Company, to the plaintiffs, the sum of $55,433.61, for which, on the 25th of September 1868, judgment was entered in the Supreme Court of New York, for the county of New York.

On the 13th of October 1868, execution was issued on this judgment, to which the sheriff returned "No personal or real property."

On the 18th of December 1868, on the affidavit of the attorney of the plaintiffs, that the execution on the judgment of the plaintiffs had been returned unsatisfied and the judgment remained unpaid, and that Ambrose Snow and J. S. Burgess had property of the defendants, a judge of the Supreme Court issued an order to Snow and Burgess to appear at, &c., on the 17th of December 1868, to be examined concerning the same. On that day Ambrose Snow made affidavit, admitting the indebtedness, and alleging that they had been notified that certain parties, whose names he could not remember, claimed to own by assignment from The Thompson Company the judgment obtained in Pennsylvania against Snow, Burgess and others in favor of that company. In pursuance of that affidavit, W. M. Tweed, Jr., Esq., was appointed receiver of the indebtedness.

By leave of the court, an action was commenced by W. M. Tweed, Jr., receiver of the Thompson Oil Company, against The Thompson Oil Company, Ambrose Snow, Joseph S. Burgess, T. Wright and W. J. Woods. The complaint set out the action by the Woods & Wright Oil Company, against "The Thompson Oil Company, a foreign corporation, formed under the laws of Pennsylvania," the attachment, the levy under it of the indebtedness of Snow to The Thompson Company, the recovery of the judgment by The Woods & Wright Company against The Thompson Company for $56,251.88; the issuing of the execution and the sheriff's return that it was unsatisfied; the refusal of Snow et al. to pay the indebtedness; the recovery of the judgment in Pennsylvania by The Thompson Company against Snow et al. for $27,000, "which judgment is unpaid," and that Snow et al. were still indebted to The Thompson Company, &c. The plaintiff demanded judgment against Snow et al. that they should pay to The Woods & Wright Company the amount of the judgment against them in favor of The Thompson Company.

Snow et al. appeared in the suit by attorney and answered, admitting the allegations in the complaint; and averred that on or about the 23d of February 1868, and after the attachment had been levied, they received notice that the judgment in favor of The

[Noble v. Thompson Oil Co.]

Thompson Company had been assigned by that company to J. C. & F. F. Marshall, J. H. Walker & Son, and Conrad Brown, who claimed to be the owners of the judgment; that the assignment was made before the service of the attachment, and that by reason of the assignments The Thompson Company had no claim against Snow et al., upon which execution could be levied. By agreement between the attorneys of the plaintiffs in the attachment, and of attorney of Snow et al., Dubois Smith, Esq., was appointed by the court, referee to hear and determine the issue between the parties.

The referee reported, July 29th 1869, finding the facts, including the assignments of the judgment as before stated, and further found, as matter of law, that the assignments were no bar to the recovery by the plaintiffs against the defendants in the attachment for the amount demanded in this action; and that judgment should be entered for the plaintiffs against the defendants for $26,723.50, with interest, amounting in all to $30,168. Judgment was accordingly so entered in the Supreme Court of New York, July 30th 1869.

Satisfaction for the full amount of the judgment and costs was acknowledged, August 4th 1869, by the attorney of the receiver.

The following were the notices from Snow et al., referred to in the plea, not appearing in the New York record, but referred to in the opinion of Mr. Justice Mercur:—

"New York, October 23d 1868.

To The Thompson Oil Company, Gentlemen:—We hereby give you notice that on the attachment served on us as your debtors, on the 25th day of last January, at the suit of The Woods & Wright Oil Creek Company, of which you were duly informed by us, on or about the 1st day of February last, judgment having been subsequently obtained against you, an execution has been issued against us on said judgment, from the Supreme Court of the state of New York, in and for the city and county of New York, under which our property has been levied on by the sheriff of the city and county of New York, to compel the payment to said Woods & Wright Oil Creek Company, your judgment creditors, and plaintiffs in said judgment of a sum of $26,723.50, said to be due by us to you, being the same amount for which you obtained judgment against us, in a suit instituted in the Court of Common Pleas of Erie county, in Pennsylvania, to May Term 1866, No. 114. If you can protect us from being obliged to pay said amount to the said sheriff, or the plaintiffs in said execution, either by having the judgment against yourselves set aside, or in any other way, please to do so.

"We hereby give you authority to use our names, by making any application to the said Supreme Court in New York, or in any other way that may be necessary for the purpose of protecting us

[Noble *v.* Thompson Oil Co.]

from such payment. If said execution is not set aside, we shall be obliged to pay to said sheriff or to the plaintiffs in the execution, the amount recovered by you in said suit at Erie, or so much thereof, if any, as it may be finally adjudged we are liable for."

"New York, October 23d 1868.

Conrad Brown, Esq., Sir:—Having recently understood that you claim to have an interest in a certain claim made by The Thompson Oil Company against us, on which suit was instituted in the Court of Common Pleas of the county of Erie, in the state of Pennsylvania, to May Term 1866, No. 114, we beg leave herewith to inclose to you a copy of the notice that we have sent to said Thompson Oil Company, and authorize you also to use our names in any application to said court in New York, or any other judicial tribunal, or in any other judicial proceeding for the purpose of relieving us from said execution and attachment. We shall be happy to give you any further information you may desire in relation to the matter."

The notices to the other assignees were in the same form.

The plaintiffs demurred to the plea and assigned the following causes of demurrer:—

1. Because the plea set up the judgment in New York and its payment to the plaintiffs on the attachment, without tendering issue on the allegation in the declaration, that the debt due from Snow et al. had been assigned for a valuable consideration by The Thompson Company to Brown, Marshall and Walker by assignment bonâ fide before the issuing of the attachment.

2. Because the plea set up the judgment and payment aforesaid, whilst it admitted that the garnishees, on the 23d of February 1868, long before the alleged payment, had knowledge of the transfer bonâ fide to the use plaintiffs before the attachment.

3. Because the plea set up the proceedings, judgment, &c., in New York, without alleging service of process on The Thompson Company, or their appearance in the suit in New York, or that The Thompson Company was, at the time of the issuing of the writ, owner of the debt due by Snow et al., and because the plea did not deny the matters alleged in the declaration that the debt attached was at the date of the attachment divested from said Thompson Company and vested in the use plaintiffs in this suit, and if the facts alleged in the plea are a rightful payment, the plea is but the general issue and should have been so pleaded; and no material fact is traversed nor alleged which avoids the allegation in the declaration.

4. Because the plea set up a judgment without alleging that the plaintiffs were either parties or privies.

5. Because the plea did not deny the only fact on which a material issue could be taken, to wit: whether the assignments had

[Noble *v.* Thompson Oil Co.]

been make bonâ fide before issuing the attachment; nor did the plea allege service of process upon The Thompson Company or appearance by them or service of summons or appearance by the assignees in the Supreme Court of New York, but had tendered issue by their plea the fact that the garnishees gave a casual notice to The Thompson Company on or about February 1st 1868, and the fact that Snow et al. had no notice prior to the issuing of the attachment of the assignment of the claim and did not receive notice before February 23d 1868, each of these averments being immaterial.

6. Because the plea set up the judgment, &c., averring that in the proceedings in the Supreme Court in New York, it was determined as matter of law that the assignments afforded no bar to a recovery by the plaintiffs in the attachment, without averring that the assignees, the use plaintiffs, were either parties or privies to the suit in New York or were legally before the Supreme Court there when such determination was made.

7. Because the plea pleads a judgment in the Supreme Court in New York, in a foreign attachment by The Woods & Wright Company against The Thompson Company to attach a debt due from Snow et al., summoned as garnishees, averring that by the attachment The Woods & Wright Company obtained a lien on the debt, without averring that on the day of the attachment the debt was the property of The Thompson Company, or denying that the debt was, at the date of the attachment and before and since, the property of Conrad Brown et al., by assignments from The Thompson Company, thus argumentatively averring, as a legitimate conseqence of the attachment, that the plaintiffs in the attachment could acquire a lien in foreign attachment against The Thompson Company, by attaching property which at the date of the attachment belonged to the use plaintiffs in this suit.

8. The plea is informal, uncertain, defective and insufficient, in that it avers that the defendants, the garnishees, in the New York suit became liable to the plaintiffs in the attachment for the amount of their debt to The Thompson Company, and subject to have execution against them, and execution was issued against them on the judgment and levied on the debt due by them to The Thompson Company, which averments were unfounded in fact, as appeared by the New York record.

9. Because the plea alleged an issue altogether a matter of law, to wit: that the judgment in New York "was obtained in accordance with the laws of New York and the practice of the Supreme Court there, a question on which no apt or material issue can be taken, the same plea stating all the facts and circumstances attending said judgment, giving the record thereof; the validity or invalidity of said judgment must be inquired of and determined by this court."

[Noble *v.* Thompson Oil Co.]

February 6th 1874.    Agreement waiving informality of certifi-cate of record filed.

February 7th.    A record from courts of New York, supple-mental to that filed January 10th 1874, filed.

March 24th 1874, the defendants joined in demurrer.

On the 22d of June 1874, the judgment was entered for the plaintiffs on the demurrer, the court delivering the following opin-ion :—

"Our conclusions in this case are that the assignment by Thomp-son Oil Company to estate of Conrad Brown and others, transferred to the assignees, from the date of the assignment, all the interest of the legal plaintiffs in the judgment against Snow, Burgess, Woods and Wright, so that it was not attachable as the property of The Thompson Oil Company in the hands of said defendants after the date of said assignment; that the said assignees, being non-residents of the state of New York, and actually residents in and citizens of the state of Pennsylvania, at the time of the proceed-ings against the said The Thompson Oil Company in the Supreme Court in and for the city and county of New York, the situs of the property follows the residence of its then owners, and was never within the jurisdiction of the courts of the state of New York, nor were the persons of said assignees, and that therefore the said Supreme Court never acquired jurisdiction of either the persons or the property of the said assignees, and any judgment of said court affecting their rights was wholly ex parte and invalid, and that, therefore, as a final conclusion from the foregoing conclusions, the demurrer of the plaintiffs in this case to the plea of the defend-ants is good and sufficient in law.    We therefore direct judgment to be entered on the demurrrer in favor of the plaintiffs, the amount to be liquidated from the record in the case by the prothonotary."

The judgment was liquidated at $37,597.98.

The defendants took a writ of error and assigned for error :—

1. Granting plaintiffs' motion craving oyer of the record and ordering its production.

2. Entering judgment for plaintiffs on the demurrer.

*G. Shiras* and *J. Fallon,* for plaintiffs in error.—One compelled by a competent jurisdiction to pay a debt, cannot be compelled to pay it again : Embree *v.* Hanna, 5 Johns. R. 101 ; Noble *v.* Thomp-son Oil Company, 19 P. F. Smith 410.    The only reply to a plea of a record of another state is nul tiel record : 1 Coke Lit. 260 ; Benton *v.* Burgot, 10 S. & R. 240 ; Morris *v.* Galbraith, 8 Watts 166 ; Clark *v.* M'Comman, 7 W. & S. 469.    Oyer is not demandable of a record : 1 Troubat & Haley 421 (363) ; Ste-phens on Pleading 102.    The situs of a debt is not the residence of the creditor.    Personal property has no locality and is distribu-table according to the *jus domicilii* of the owner : Birtwhistle *v.*

[Noble v. Thompson Oil Co.]

Vardill, 5 B. & C. 438; Story's Conflct of Laws, sect. 380; Sill v. Worswick, 1 H. Black. 690. The visible locality of a debt is the residence of the debtor, and the tribunal of that residence may exercise jurisdiction over it *in rem:* Story's Conflict of Laws, sect. 549, 550; Andrews v. Heriett, 4 Cowen 510, in note; Mills v. Duryee, 7 Cranch 481; Bissell v. Briggs, 9 Mass. 462; Armstrong v. Carson, 2 Dall. 302. Attachment is a proceding *in rem*, and also against the garnishee personally: Childs v. Digby, 12 Harris 23; Andrews v. Clark, Carthew 25; Morgan v. Neville, 24 P. F. Smith 52; Phillips v. Hunter, 2 H. Black. 402. A garnishee is protected against an equitable assignee claiming under his creditor as he would be against the creditor himself, if defendant in the attachment: Bank of N. America v. McCall, 3 Binn. 338; s. c. 4 Id. 371; Holmes v. Remson, 4 Johns. Ch. 466; Le Chevalier v. Lynch, Douglass 160; Moore v. Spackman, 12 S & R. 287; Anderson v. Young, 9 Harris 443. A claimant to the subject-matter of a judicial controversy between others must make his claim known: Coates v. Roberts, 4 Rawle 110; Heller v. Jones, 4 Binn. 66; Collingwood v. Irwin, 3 Watts 306; Paul v. Witman, 3 W. & S. 409; Govett v. Richmond, 7 Sim. 1; Story's Conflict of Laws, sect. 389–395; Kerr on Frauds 142; Dearle v. Hall, 3 Russ. 1; Lovendge v. Cooper Id. 30; Neilson v. Blight, 1 Johns. Cas. 205; Weston v. Barker, 12 Johns. 276; Warren v. Copelin, 4 Metc. 594; Chase v. Haughton, 16 Verm. 594; Ward v. Morrison, 25 Id. 593; Richards v. Griggs, 14 Mo. 416; Fish v. Weston, 5 Maine 410; Boon v. Staaden, 24 Ill. 320; Green v. Van Buskirk, 7 Wallace 139. The New York Code (Voorhees) provides:— Sect. 111. "Every action must be prosecuted in the name of the real party in interest." Sect. 112. "In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defence existing at the time of, or before notice of the assignment."

*J. B. Cessna* and *J. C. Marshall* (with whom was *F. F. Marshall,*) for defendants in error.—A voluntary assignment of a chose in action valid under the laws of the place where the owner resides is valid everywhere: Kelly v. Craffo, 45 N. Y. 86; Story's Conflict of Laws, sect. 368, 390; People v. Commissioners, 23 N. Y. 254; Guillandet v. Howell, 35 Id. 657; Speed v. May, 5 Harris 94; 2 Kent's Com. 588, sect. 455. The situs of a debt is where the owner is: Story on Conflict of Laws, sect. 399, 411; 2 Kent, sect. 407: Law v. Mills, 6 Harris 185. An assignment of a debt is good against a subsequent attaching creditor, even if no notice of it be given till after the attachment: Stevens v. Stevens, 1 Ashmead 190; Pellman v. Hart, 1 Barr 263. Plaintiff in foreign attachment is in no better situation than his debtor: United

States *v*. Vaughan, 3 Binn. 394; Caskie *v*. Webster, 4 Wallace 131. The court of the foreign state is bound to give the same effect to the assignment as it has in the state where it was made: Story's Conflict of Laws, sect. 397. The defendants in the attachment having no property at the time of the attachment in the debt, laying the attachment on their debtors in New York, did not give the court there jurisdiction, and by the order to serve the summons on them no jurisdiction was acquired: Penna. Railroad Co. *v*. Pennock, 1 P. F. Smith 244; Fish *v*. Anderson, 12 Abbott's Pr. R. 8. In proceedings *in rem*, unless the court have jurisdiction over the thing, a judgment is not conclusive: Story's Conflict of Laws, sect. 592; 1 Greenl. Ev., sect 542. A court cannot give itself jurisdiction by its own finding, so that its decision cannot be inquired into, to determine its right to decide: Rose *v*. Himely, 4 Cranch 241; Thompson *v*. Whitman, Pittsburg Legal Journal, May 3d 1874; Baxley *v*. Linah, 4 Harris 249; Story on Conflict of Laws, sect. 493–495; Eby's Appeal, 20 P. F. Smith 311; Bissell *v*. Briggs, 9 Mass. 462; Border *v*. Fitch, 15 Johns. 121. A plea containing no denial that the property seized was the property of plaintiffs, nor any averment that it was the property of either of the defendants in the attachment, or that it was in any other manner subject to be taken under the writ, is bad: Buck *v*. Colbath, 3 Wallace 344; Megee *v*. Beirne, 3 Wright 50. The attachment in New York being a proceeding not *in rem*, but *in personam*, is binding only upon parties and privies. The plaintiffs are assignees, claiming by title anterior and paramount to said proceedings, and are not barred or estopped by anything done therein: Bigelow on Estoppel 15, 161, 162; 1 Smith's Lead. Cas. 830; Westoby *v*. Day, 2 E. & B. 605; Himes *v*. Remsen, 20 Johns. 229; Perkins *v*. Parker, 1 Mass. 117; Wood *v*. Partridge, 11 Id. 488; Hull *v*. Blake, 13 Id. 158. By the New York Code, sect. 122 (Voorhees), it is provided: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in," &c. If parties, they are not brought in; their rights and interests are not affected by the determination of the court: McMahon *v*. Allen, 12 How. 39; Shaver *v*. Brainard, 29 Barb. 25; Stuart *v*. Brewer, 17 How. 571. The interest of a third party or conflicting claims to property cannot be tried in supplementary proceedings: Biddle's Supplementary Proceedings 124, 150, 151; Garder *v*. Smith, 29 Barb. 68; Voorhees *v*. Seymour, 26 Id. 585; Rodman *v*. Henry, 17 N. Y. 482; Hunter *v*. Blank *et al.*, 50 Id. 806. An assignee is not privy to proceedings had against his assignor, subsequent to assignment: 1 Greenl., sect. 23 and note: Crane *v*. Morris, 6 Peters 611; Carver *v*. Jack-

[Noble v. Thompson Oil Co.]

son, 4 Id. 183; Cossens v. Cossens, Willes 25.    By the Constitution of the United States, judgment of another state is put upon the same footing as a domestic judgment, with the qualification that it does not prevent an inquiry into the jurisdiction of the court in which the original judgment was given : Baxley v. Linah, 4 Harris 249; Story on Conflict of Laws 493–495; Paschal's Annotated Constitution 214; Steel v. Smith, 7 W. & S. 447; Borden v. Fitch, 15 Johns. 121; Shomway v. Stillman, 4 Cowen 292. When neither the parties nor subject-matter are within the jurisdiction of a court its judgment has no effect: Eby's Appeal, 20 P. F. Smith 311.    To such a judgment, sentence or decree, no extra-territorial effect is accorded: Bissell v. Briggs, 9 Mass. 462. Notice of proceedings will not give court jurisdiction; Reed v. Elder, 12 P. F. Smith 308; Pouling v. Wilson, 13 Johns. R. 192; Fenton v. Garlick, 8 Id. 194; Scott v. Noble, 22 P. F. Smith 115.    Judgments have not by Act of Congress full power and conclusive effect, but only *such* effect as they possess in the state whence they were taken : Rogers v. Burns, 3 Casey 526; Snyder v. Barber, 18 N. Y. 648.    When a chose in action is bonâ fide assigned it is not subject to attachment, and if judgment is obtained even after appearance of assignor, such judgment is not a bar to assignee's right of recovery: Warren v. Lynch, 5 Johns. R. 239; Van Buskirk v. Warren, 34 Barb. 457; Tams v. Bullitt, 11 Casey 308; Cooser v. Craig, 1 Wash. C. C. R. 424; Glover v. Austin, 6 Pick. 209; Frazier v. Fredericks, 4 Zabriskie 160; Woodburne v. Scarborough, 20 Ohio St. 57.    Under the New York Code, sect. 135 (Voorhees), the courts of that state have no jurisdiction to order service of summons on a non-resident defendant by publication unless he has property within the state when the order is made: Fiske v. Anderson, 12 Abbott's Rep. 8.    The assignees could not be bound by the proceedings in New York, unless they were brought as parties upon the record: Biddle's Supplementary Proceedings 150; Bostick v. Menck, 40 N. Y. 383; Gardener v. Smith, 29 Barb. 68; Voorhees v. Seymour, 26 Id. 585; Porter v. Williams, 9 N. Y. 150.

The New York Code, sect. 122 (Voorhees), provides: " A defendant against whom an action is pending upon a contract, or for specific real or personal property, may at any time before answer upon affidavit that a person not a party to the action, and without collusion with him, makes against him a demand for the same debt or property, upon due notice to such person, and the adverse party apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount of the debt or delivering the property or its value to such person as the court may direct, and the court may in its discretion make the order."

Mr. Justice MERCUR delivered the opinion of the court, January 6th 1876.

This suit was on a recognisance. It was entered into on the suing out of a writ of error to a judgment of the Court of Common Pleas of Erie county. That judgment was affirmed by this court. After it was recovered in the court below, and before it was affirmed here, it was assigned to Brown *et al.*, the use parties of defendant in error. About two months after that assignment, the defendants in the judgment were attached in the state of New York, as garnishees of the original plaintiff in the judgment. The plaintiffs in error pleaded the judgment in that attachment suit against the garnishees and their payment thereof, in bar of a recovery on the recognisance. The defendants in error demurred to the plea, and the court entered judgment in their favor.

The first assignment of error is to the court ordering the production of the record averred in the plea. It is now conceded that oyer of the record is not demandable : 1 Tr. & Haley's Prac. 421 ; but it does not appear that any exception was taken to the action of the court at the time, nor that the plaintiffs in error were injured by its production. About a month after a copy of the record was filed, in pursuance of the order of court, the parties by written agreement filed, waived informality in the certificate of record. The next day thereafter, on leave granted, the plaintiffs in error filed a supplemental record. Having thus voluntarily exhibited the record, the complaint of its former production cannot now be regarded.

The second assignment is to the entry of judgment in favor of the defendants in error, on the demurrer. This involves a consideration of the effect of the assignment of the judgment to the defendants in error, and also of the effect of the attachment and proceedings thereon.

First. The Thompson Oil Company was a corporation formed under the laws of this Commonwealth and doing business therein. The assignees were citizens and residents of Pennsylvania. The judgment assigned was of record in a court of this state. When the assignment was made, the assignor, the assignees, and the property assigned, were all within this Commonwealth and governed by its laws. That the assignment was for a full consideration and in good faith are unquestioned. It was a purchase, by persons having a right to buy from a party having a right to sell, of property, of which no rule or policy of law forbids the sale. It was not fraudulent, either in law or fact. It was not a statutory transfer of the judgment, but a voluntary sale and assignment of it. It was then beyond all doubt a valid transfer here. Being a valid assignment when and where made, it is valid everywhere : Story on Conflict of Laws, §§ 398, 399 ; Speed *v.* May, 5 Harris 91 ; Kelly *v.* Craft *et al.*, 45 N. Y. 86. It is true the assignees

[Noble v. Thompson Oil Co.]

took the judgment subject to the equities existing between the parties thereto at the time of the assignment, and they also held it subject to any payments that might be made by the defendants therein to the assignor before notice of the assignment.   By this transfer the whole property of the Thompson Oil Company in the judgment passed to the assignees.   Thenceforth the oil company had no attachable interest in the judgment, but held it as a mere naked legal trustee of their assignees.   The defendants in that judgment no longer owed or were indebted to the original plaintiff therein, but they owed it to the assignees.

Secondly.  It is contended that insomuch as the foreign attachment was served on the garnishees before they had notice of the assignment, the claim of the assignees is postponed to that of the attaching creditors.   This conclusion is not sustained by the authorities in this country; among others may be cited: Wakefield v. Marvin, 3 Mass. 558; Dix v. Cobb, 4 Id. 512; Van Buskirk v. Warren, 24 Barb. 457; United States v. Vaughan et al., 3 Binn. 394; Stevens v. Stevens, 1 Ash. 190; Pellman et al. v. Hart et al., 1 Barr 263; Patton v. Wilson, 10 Casey 229; Speed v. May, 5 Harris 91; 5 Wallace 307.   The reason on which these authorities rest, is that the plaintiff in a foreign attachment stands on no better footing as to the thing attached than his debtor, the defendant, whose property is sought to be seized.   All that can be seized by virtue of the attachment, is the property of the debtor. The original plaintiff in this judgment having disposed of it in good faith and for a valuable consideration to the defendants in error, no creditor of the assignor could set aside the assignment by proceedings in foreign attachment.

It is argued, however, that as the effect of the attachment on the assignment has been otherwise decided by the court in New York, and the garnishees have paid the debt to the attaching creditors, it establishes a good defence here for the plaintiffs in error. Art. iv, sect. 1, of the Constitution of the United States, declares "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof."   By the Act of 26th May 1790, 2 Purd. Dig. 1484, pl. 1, Congress prescribed the manner of authentication, and further declared "the said records and judicial proceedings authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usages in the courts of the state from whence the said records are or shall be taken."   The judgment of the court of another state is thus put on the same footing as a domestic judgment, with this qualification, that it does not prevent an inquiry into the jurisdiction of the court in which the judgment was given to pronounce it, or the

[Noble *v.* Thompson Oil Co.]

right of the state itself to exercise authority over the persons or subject-matter: Story's Com. 483 and 1307; Bissell *v.* Briggs, 9 Mass. 462; Shumway *v.* Stittman, 4 Cowen 292; Borden *v.* Fitch, 16 Johns. 121; Benton *v.* Burgot, 10 S. & R. 240; Steel *v.* Smith, 7 W. & S. 447; Campbell *v.* Steele, 1 Jones 394; Baxley *v.* Linab, 4 Harris 241.

We have already showed that the judgment as well as the parties to the assignment were within this state at the time of the transaction. They so continued at the time of the issuing of the writ of foreign attachment, and during the pendency of all the proceedings thereon. Neither the defendants in error, nor the judgment which they purchased, was within the state of New York. The court then had no jurisdiction of the persons or property of the defendants in error.

The writ of foreign attachment rests on the assumption that the debtor is beyond the limits of the state, but his property is within the reach of process. A judgment *in personam* is invalid unless procured after service of summons or after appearance. Without one of these the court would have no jurisdiction of the person. So if the judgment be in a proceeding *in rem* it is void if the court has no jurisdiction of the property: Pennsylvania Railroad Co. *v.* Pennock, 1 P. F. Smith 244. Nor does the fact that the garnishees in the attachment after judgment has been recovered against the assignor, notified the assignor and the assignee, by letter, of the pendency of the proceedings, change the result. The notice was insufficient in substance and unreasonable in time: Erie Bank *v.* Gibson, 1 Watts 143; Paul *v.* Witman, 3 W. & S. 409; Shimer *et al. v.* Jones *et al.*, 11 Wright 268. The assignees were not bound to appear on such a notice and contest the case. If they had done so, and had been admitted as parties to the suit, the case of Moore *v.* Spackman, 12 S. & R. 287, would bind them to acquiescence in the judgment. On the contrary, they waived none of their rights. They were neither parties nor privies to the suit. We give full effect to the Constitution of the United States and to the law of Congress enforcing the same. We assent to the conclusiveness of the judgment of a court of a sister state, when that court has jurisdiction, yet we cannot concede that a person resident within this state, and owning property situated therein, shall involuntarily and by such a proceeding be constructively brought within the jurisdiction of the court of another state, so as to divest his rights in that property.

The law requires us to give such faith and credit only to this record as it has by law or usage in the courts of the state of New York. As we understand the laws of that state, the judgment, so far as it is attempted to affect the defendants in error, is void there. Voorhees U. S. Code, 10th ed., page 114, sect. 122, declares, "the court may determine any controversy between the parties before it

[Noble v. Thompson Oil Co.]

when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties the court must cause them to be brought in." It further declares, " when it appears that any person not a party to the action claims the same debt or property in controversy, such claimant shall be substituted of record."

This case presented the precise facts suited to the application of the code. It was the duty of the garnishees to invoke its protection. If he chose to waive this privilege, which the law gave him for his protection, he cannot thereby throw the loss an an innocent assignee: McMahon v. Allen, 2 How. 39. If the garnishees had properly averred the claim of the assignees, which the record shows was known to them, the plaintiffs in the attachment would have been compelled to amend their summons and complaint so as to have made the assignees a party to the action. Nor is it a valid objection to such a course that the assignees are residents of another state: 17 How. 571. The rights of third persons can be brought into litigation only in a regular way by suit: Rodman v. Henry, 17 N. Y. 482. If not brought in upon service of process the court will not permit the trial to proceed to affect them: 2 Duer 663; 5 Id. 666. The judgment pleaded shows on its face that it was obtained in disregard of the laws of New York and of the rights of the assignees. No property was seized. No appearance of the defendants in error was procured. No effort was made to bring them in on process. They were not substituted of record. They were not in any sense a party to the action. Their rights as assignees were, therefore, not affected: Roy v. Baracus, 43 Barb. 310. The judgment rendered against one not a party to the action, before it is pronounced, does not bind him, nor is it any evidence against him: Shuver v. Blaidard et al., 29 Barb. 25. Want of jurisdiction may always be set up against a judgment when sought to be enforced, or when any benefit is claimed under it. The want of jurisdiction makes it utterly void and unavailable for any purpose: Borden v. Fitch, 15 Johns. 121; Page v. Hill, 43 Barb. 44; Bank v. Judson, 4 Selden 254.

The assumed hardship of paying the debt twice might readily have been avoided. The code gave the garnishees clear and specific directions for their full protection. They studiously avoided following them. They agreed to submit the cause and all the issues therein to a referee. To his finding they filed no exceptions. This manner prevented the numerous errors in the case from being presented to the consideration of the court.

Our great respect for the learning of the judges of that court impresses us with the conviction that it was under these circumstances they permitted this judgment to be recovered, and that

29 P. F. Smith—24

[Noble *v.* Thompson Oil Co.]

they would hold it of no effect against the assignees, whenever properly presented for their consideration.

Hence we hold that the judgment in the attachment suit did not divest the right of property acquired by the defendants in error to the judgment in this state. That it must be so held in the state in which the judgment on the attachment was recovered as well as in this state where it was pleaded.

It follows, therefore, the learned judge was correct in entering judgment in favor of the defendant in error on the demurrer.

Judgment affirmed.