## S. R. MILLER ET AL. v. JEREMIAH ROHRER.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER
COUNTY.

Argued May 22, 1889—Decided June 28, 1889.
[To be reported.]

1. A proceeding by attachment under the act of March 17, 1869, P. L. 8, is to be regarded as a personal action, the attachment being intended to. secure to the plaintiff a lien in advance, the efficacy of which will depend on the recovery of a final judgment against the defendant.
2. The prior recovery of a final judgment in another proceeding between the same parties upon the same cause of action, is a bar to the recovery of a judgment in the proceeding by attachment; and this, though the defendant in the attachment filed no bond under § 3 of the act.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 19 January Term 1889, Sup. Ct.; court below, No. 30 January Term 1886, C. P.

On December 31, 1885, Jeremiah Rohrer brought suit by attachment under the act of March 17, 1869, P. L. 8, against S. R. Miller and John A. Brake, trading as S. R. Miller & Co. By virtue of the writ, a large quantity of the defendants' personal property was attached, when the defendants appeared to the action and pleaded, non-assumpsit. No bond was filed under § 3 of the act.

At the trial of the cause on April 30, 1888, the plaintiff proved by his own testimony an account for goods sold and delivered to the defendants, and that a balance of $143.81 was due thereon. On cross-examination, the plaintiff admitted that a suit had been brought against the defendants upon the same account before an alderman, and that he had obtained judgment against them in that suit for the same balance; he admitted also, that on August 23, 1887, to No. 46 November Term 1885, of the Court of the Common Pleas, there was a judgment in favor of the same plaintiff against the same defendants, upon the same cause of action. Testimony was then introduced tending to show that after the judgment had been obtained before the alderman, and at or about the time the present attachment proceeding was begun, the defendants had made a fraudulent transfer of their property. The plaintiff then rested.

The defendants offered in evidence the record of No. 46 November Term 1885, C. P., showing an appeal by defendants from the judgment of Wm. J. Forney, Esq., in favor of Jeremiah Rohrer, dated October 26, 1885, for $143.81; that the appeal was put at issue, and that on August 23, 1887, there was a judgment by consent in open court, in favor of the plaintiff and against the defendants, for $160.57.

Objected to by the plaintiff.

By the court: Offer refused; exception.[1]

No further testimony being offered, the defendants' counsel asked the court to direct the jury to find a verdict for the defendants, under the testimony in the case.

The court, PATTERSON, J., charged the jury saying:

The court is requested to direct the jury to return a verdict for the defendants, under the evidence. Now the court cannot do that, because there is no evidence in favor of the

defendants, it is all in favor of the plaintiff.   [And we instruct you to bring in a verdict for the plaintiff, if you believe the testimony of the plaintiff, which seems to the court not to be contradicted.] [2]   If you bring in a verdict for the plaintiff, it will be for the amount of the claim which he has proven, and which with the interest amounts to $163.94.

The jury returned a verdict for the plaintiff, as directed.   A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendants took this writ, assigning as error:

1. The refusal of defendants' offer.[1]

2. The portion of the charge included in [ ] [2]

*Mr. Marriott Brosius* (with him *Mr. H. M. North*), for the plaintiffs in error:

From the time the defendants appeared and made defence, the proceeding became and was a mere personal action against the defendants, and subject to be barred by the recovery of a judgment in a personal action previously brought for the same cause: Brenner v. Moyer, 98 Pa. 274; Leiberman v. Hoffman, 2 Penny. 211.

*Mr. G. C. Kennedy* (with him *Mr. H. C. Brubaker*), for the defendant in error:

1. The case before us is different from Brenner v. Moyer, 98 Pa. 274, in this, that the defendants had given no bond to the sheriff for the recovery of the goods attached, in order to make it a merely personal action against them.   The proceeding was in the nature of an action for the establishment and enforcement of a lien against the goods seized by the sheriff under the writ.   It is but a security for the original cause of action, and the former judgment will not act as an extinguishment of the lien until its payment.   The lien given by the act can be discharged and the property released, only by the defendants giving bond as directed by § 3 of the act.

2. A judgment recovered in any form of action is still but a security for the original cause of action until it be made productive in satisfaction to the party, and, therefore, until then it cannot operate to change any other collateral concurrent

remedy which the party may have : Drake v. Mitchell, 3 East 251; Bantleon v. Smith, 2 Binn. 146; Gordon v. Correy, 5 Binn. 552; Shetsline v. Keemle, 1 Ash. 29; Chipman v. Martin, 13 Johns. 240; Thompson's Case, 2 Br. 297. The judgment referred to in the defendants' offer, being a judgment by consent, should have no more force and effect than a judgment confessed on warrant of attorney. The case was an older one than the attachment suit in controversy, and for this reason alone it appeared sooner on the trial list.

OPINION, MR. JUSTICE STERRETT :

Two personal actions appear to have been pending between the parties to this contention, at the same time and for the same cause of action. In the first suit, final judgment was entered for plaintiff before the second was called for trial.

The first action was commenced before Alderman Forney, from whose judgment defendants therein appealed, and filed their appeal to No. 46 of November Term 1885. On December 31, 1885, while that appeal was pending, this suit, attachment under the act of 1869, was commenced. In August, 1887, more than eight months before it was tried, judgment in the appeal case was entered in favor of Rohrer, the plaintiff, for $160.57 and costs. On the trial of this case, in April, 1888, he testified in substance that his claim in both cases was the same. On cross-examination he was shown the bill that was presented before the alderman, as the foundation of his claim, and said : "It is the same money that suit was entered for there, the same amount exactly, $143.81." Again, on being shown the record of the first suit, Jeremiah Rohrer v. S. R. Miller & Co., No. 46 November Term 1885, he said : "This judgment is for the same amount as that in suit; it was entered August 23, 1887, for plaintiff." After plaintiff rested, defendants offered that record in evidence, but it was rejected. The court was then requested to instruct the jury that, under the evidence before them, their verdict should be for defendants. That was refused, and the jury was substantially directed to find for the plaintiff if they believed his evidence. The result was a verdict in his favor for $163.94.

The assignments of error are to the action of the court : 1st, in rejecting the record of the first suit, No. 46 November

Term 1885, and 2d, in directing the jury to find in favor of the plaintiff if they believed his testimony.

As to the first specification we have no doubt the record was competent evidence for defendants below. It tended to prove, still more conclusively, the fact elicited from plaintiff himself, that the cause of action in both suits was the same, etc. As we have seen, the plaintiff below, on cross-examination, testified without objection to every essential fact that would have been shown by the record, if it had been received in evidence. It was of course the best evidence, and as such defendants were entitled to it. In connection with other testimony it would have shown very clearly, if not conclusively, that both suits were for precisely the same cause of action; and, inasmuch as final judgment was entered in the first, before the second was called for trial, that judgment was necessarily a bar to recovery in the latter case.

The learned judge of the Common Pleas appears to have assumed that the proceeding by attachment under the act of 1869 was in no sense a personal action. In that he was mistaken. In Lieberman v. Hoffman, 2 Penny. 211, it was held that such proceeding is to be regarded as a personal action. In the class of cases to which the act applies, the attachment is intended to secure the plaintiff by a lien in advance of judgment, but the efficacy of that security depends on the recovery of a final personal judgment. It was also held that the recovery of a final judgment for the same cause of action is a bar, notwithstanding the attachment was issued and served before the commencement of the suit on which the judgment was obtained, and though defendant in the attachment filed no bond.

It is well settled that where two personal actions are instituted between the same parties for same cause of action, a recovery of judgment in one extinguishes the right to recover in the other, and gives to the plaintiff, in lieu thereof, a security of a higher order: Brenner v. Moyer, 98 Pa. 274.

It follows from what has been said that the learned judge erred in charging the jury as he did. Aside from the excluded record evidence, the defendants, on the evidence of the plaintiff alone, had a right to insist on a verdict in their favor; and, if the case had been submitted to the jury on the questions of fact which that evidence alone tended to establish, the jury

would have been warranted in finding in favor of plaintiffs in error. The assignments of error are both sustained.

> Judgment reversed, and a venire facias de novo awarded.