# Work v. Prall, Appellant.

*Judgment—Judgment note—Merger—Assignment.*

Where a judgment has been entered upon a confession in a judgment note, the cause of action becomes merged in the judgment, and the note does not survive. The judgment does not possess the qualities of a negotiable instrument.

The assignee of a judgment takes the same subject to existing equities between the parties thereto, and has no better position than would the judg-

ment creditor have occupied if he had not executed an assignment. It is the duty of the assignee to give the defendant notice of the assignment, and if he fails to do so, and the defendant pays the amount of the judgment to the plaintiff, the assignee cannot compel the defendant to make a second payment to himself. The entry of the assignment on the records in the court of common pleas is not notice to the defendant.

*Estoppel—Change of legal status—Loss.*

A party is only estopped when his conduct or representation induces action in another which cannot be withdrawn from without loss.

A promise made by the defendant in a judgment to pay an assignee of the judgment the amount thereof, will not estop the defendant from asserting subsequently that he had paid the amount of the judgment to the plaintiff without notice of the assignment, if it appears that the assignee's legal position was not changed by reason of the promise, or that he suffered any loss therefrom.

Argued April 19, 1904. Appeal, No. 81, April T., 1904, by defendant, from order of C. P. Washington Co., May T., 1902, D. S. B., No. 111, discharging rule to open judgment in case of W. A. Work to use of Crouch Brothers v. Lyda M. Prall and H. L. Prall. Before Rice, P. J., Beaver, Orlady, Porter, Morrison and Henderson, JJ. Reversed.

Rule to open judgment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*J. M. Patterson*, for appellant.—This is certainly not the kind of a note that was intended to be made negotiable under provision 2, sec. 5 of the act of 1901. The note provided by that act is a note that contains an authority to enter judgment after the date of its maturity. The language of the act of assembly is " Authorizes a confession of judgment if the instrument be not paid at maturity." This is in construction of law a power given to the prothonotary to enter judgment : Ely v. Karmany, 23 Pa. 214. The authority in this note is given to the prothonotary directly, hence we conclude that the said note is not negotiable under the Act of May 16, 1901, P. L. 194.

When a judgment is obtained on a note or bill, the bill or note is thereby extinguished and merged in the judgment: Eaton & Gilbert on Commercial Paper, p. 543 ; Black on Judgments, sec. 674.

The assignee of a judgment receives the same subject to the existing equities between the parties thereto, and it is immaterial whether he had notice of these equities or not. The assignee, by virtue of the assignment, occupies no better position than the judgment creditor would have occupied in the absence of any assignment: Freeman on Judgments, sec. 427 ; Black on Judgments, secs. 953, 955.

One shall be estopped from alleging the truth only when his falsehood or his silence has induced action by the other party that would lead to loss except for the estoppel : Sensinger v. Boyer, 153 Pa. 628 ; Ayres v. Wattson, 57 Pa. 360; Reel v. Elder, 62 Pa. 308 ; Kline v. McCandless, 139 Pa. 223.

A judgment debtor must have notice of the assignment. He will be protected as against the assignee in respect to any payments he may make to the plaintiff in the judgment before receiving such notice : 2 Black on Judgments, sec. 950 ; Gaullagher v. Caldwell, 22 Pa. 309 ; Noble v. Thompson Oil Co., 79 Pa. 354 ; May v. Newingham, 17 Pa. Superior Ct. 469.

Such notice must be given when a mortgage has been assigned, Foster v. Carson, 159 Pa. 477, and even when a bond or note has been assigned : May v. Newingham, 17 Pa. Superior Ct. 469 ; Lee v. Sallada, 7 Pa. Superior Ct. 98.

Nor is the mere entry of the assignment on the records of the judgment constructive notice to the debtor. He is under no obligation to make inquiry. The judgment docket is not for his benefit: 2 Black on Judgments, sec. 950; Henry v. Brothers, 48 Pa. 70 ; Horstman v. Gerker, 49 Pa. 282.

*R. H. Melow*, for appellees.—When the court below found as a fact that the defendant, H. L. Prall, with a full knowledge of all the facts in the case, had admitted the debt and promised to pay the note, there was not a scintilla of evidence left in the case to justify the opening of the judgment: Knarr v. Elgren, 19 W. N. C. 531; English's Appeal, 119 Pa. 533 ; Humphrey v. Tozier, 154 Pa. 410.

OPINION BY HENDERSON, J., July 28, 1904 :

The defendants gave their judgment promissory note to the plaintiff on March 21, 1902. A judgment was entered thereon by virtue of the warrant of attorney which the note contained,

on March 22, 1902, and on the twenty-fourth of the same month the judgment was assigned to the use plaintiffs. The note was payable in three months from date and no notice of the assignment of the judgment was given to the defendants until about five months after the same became due. The defendants' evidence, taken on the rule to open the judgment, was uncontradicted and would warrant a jury in finding that payments had been made by Lyda M. Prall sufficient in amount to discharge the debt before the defendants had notice that the judgment had been assigned. These payments were made to one, Richardson, a partner of the plaintiff to whom a note for a similar amount had been given by the defendants for a like consideration.

As between the plaintiff and the defendants the latter showed a sufficient cause to entitle them to have the judgment opened. Unless therefore, the equitable plaintiffs have a better position than the payee of the note, the relief asked for should be granted.

By the confession of judgment the plaintiffs' cause of action became merged in the judgment. The original claim having served its purpose as evidence upon which a judgment was obtained, expended its force and the warrant of attorney authorizing the judgment was exhausted: Black on Judgments, sec. 674; Ries v. Rowland, 11 Fed. Repr. 657; Schuler v. Israel, 27 Fed. Repr. 851. The note does not survive as a cause of action. In the very nature of the case the inferior obligation evidenced by the note has been changed into a matter of record and the remedy of the payee is on the judgment. The judgment obtained thereon does not possess the qualities of a negotiable note.

The assignee of a judgment takes the same subject to existing equities between the parties thereto and has no better position than would the judgment creditor have occupied if he had not executed an assignment: Filbert v. Hawk, 8 Watts, 443; Noble v. Thompson Oil Co., 79 Pa. 354; Black on Judgments, sec. 953. In order to avoid the effect of the payment by the defendant to the plaintiff it was the duty of the assignee to give the former notice of the assignment. " It is impossible to conceive upon what principle of justice a debtor should be prejudiced by an assignment of which he knows nothing. If

the party whose interest and duty it is to give him notice so that he can regulate his conduct according to the new relation, fails to do so he should certainly not be compelled to suffer:" Gaullagher v. Caldwell, 22 Pa. 300; Noble v. Thompson Oil Co., 79 Pa. 354; Lee v. Delehanty, 25 Hun, 197; May v. Newingham, 17 Pa. Superior Ct. 469; Black on Judgments, sec. 950. This rule applies to the assignment of a mortgage: Foster v. Carson, 159 Pa. 477. The entry of the assignment on the records in the court of common pleas was not notice to the defendants. The judgment docket was not for their benefit and they are not required to examine it: Henry v. Brothers, 48 Pa. 70; Horstman v. Gerker, 49 Pa. 282.

It is contended, however, that the defendants are concluded by a promise to pay alleged to have been made by H. L. Prall to one of the plaintiffs. The evidence shows that defendant said to H. M. Crouch, one of the plaintiffs, that: "He didn't have the money at the time, but he would try and get it raised. . . . . He never refused to pay and always said he would." According to the testimony of C. M. Crouch, the other use plaintiff, H. L. Prall, "Agreed to pay one note at that time, or in a few days from that time, saying he had some money coming from an oil man at that time in Ohio and that when he returned one of his sons would help and they would pay one note. And we agreed to wait on the other note for some time, indefinitely. That was all."

The learned judge of the court below was of the opinion that by such promise the defendants were estopped from setting up the defense of which they sought to avail themselves. In reaching this conclusion the court overlooked the rule that there can be no estoppel unless the party who alleges it relied upon the representation and took some action induced thereby and this action must be of such a nature that the legal position of the party would be changed for the worse if the estoppel be not inforced. "He must have placed himself in such a situation that he would suffer a loss as the consequence of his action if the other party were allowed to deny the truth of the representation or repudiate the effects of his conduct:" 2 Pomeroy's Eq. Jur. sec. 812. A party is only estopped when his conduct or representation induces action in another which cannot be withdrawn from without loss: 2 Beach Mod. Eq.

sec. 1097 ; Waring v. Somborn, 82 N. Y. 604; Hurd v. Kelly, 78 N. Y. 588 ; McKinzie v. Steele, 18 Ohio, 38 ; Townsend Savings Bk. v. Todd, 47 Conn. 190; Tyler v. Odd Fellows Assn., 145 Mass. 134. " The rule is that one shall be estopped from alleging the truth only when his falsehood or his silence has induced action by the other party that would lead to loss except for the estoppel:" Ayres v. Wattson, 57 Pa. 360; Reel v. Elder, 62 Pa. 308; Sensinger v. Boyer, 153 Pa. 628.

It is not pretended that the equitable plaintiffs sustained any loss by reason of the alleged promise or that they had taken any action by reason thereof the withdrawal from which would subject them to detriment. The judgment and the lien acquired thereby was and still is their security. The presumption of payment would not arise for many years and it cannot be said that the parties had been lulled into false security. The promise to pay the judgment, if made as claimed, gave the equitable plaintiffs no additional security or right of action. They parted with nothing and no consideration passed to the promisor. Their agreement to wait awhile for the payment of the second judgment if the defendants would pay this judgment created no legal liability and had no legal effect. So far as Lyda M. Prall is concerned there is not the slightest evidence that she made any promise or had any knowledge of any promise made by H. L. Prall.

The defense of failure of consideration raised by the defendants' evidence is applicable to the judgments entered on both of the notes as is also the evidence of payment. As claimed by the defendants, payment was first to be made on the Work note and unless something be shown to the contrary payments, if proved, would be first applicable on that note.

In the case as presented the defendants are entitled to relief. The decree of the court is therefore reversed, the rule to open the judgment is reinstated and is now made absolute and the record remitted for further proceedings.