First Nat'l Bank of Pgh. for Use *v.* Bank of Pittsburgh.

Argued April 29, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*W. T. Tredway,* for appellant, cited: Keener v. Zartman, 144 Pa. 179.

*S. Dale Armstrong,* and with him *Paul A. Stuart,* for appellee.—After the lapse of twenty years, debts of every kind no matter how solemn the instrument by which they are evidenced, are presumed to be paid. That presumption is a presumption of fact and is rebuttable but the testimony required to rebut it must be clear and convincing, particularly in the case where the defendant is dead: Bank of Titusville v. Thompson, 44 Pa. Superior Ct. 200; Gilmore v. Alexander, 268 Pa. 415.

OPINION BY CUNNINGHAM, J., July 10, 1930:

The proceeding below was a trial upon an issue framed on a scire facias to revive a judgment entered more than twenty years prior to the issuing of the present writ. This appeal is by the assignee of the judgment from the refusal of the court in banc to take off a compulsory nonsuit entered by the trial judge.

In his history of the case, appellant, through his counsel, has set out his version of the circumstances leading up to the entry of the judgment and of the reason for its assignment to him, but these matters, now merged in the judgment, are immaterial to the present issue and the learned trial judge properly confined the evidence to its entry and matters subsequent thereto.

The record discloses these material and uncontroverted facts: On July 13, 1906, the First National

Bank of Pittsburgh, as the result of an action in assumpsit against C. L. Holland, obtained judgment against him for $152.16. The bank, on the same day, issued an attachment execution which was promptly served on Holland and two companies named as garnishees, but nothing was recovered on this writ. No further writs were issued or legal proceedings had for the revival or collection of the judgment until November 23, 1927, (more than twenty-one years after its entry), when the present scire facias was issued. In the meantime a change of parties occurred; by a writing filed of record July 24, 1919, the judgment was assigned by the bank to W. W. Rankin, the use plaintiff below and appellant herein, but no proof was offered that notice of the assignment was ever given to the defendant, Holland, who died, testate, on August 9, 1927, and whose interests are now represented on this record by his administrator, c. t. a., the Bank of Pittsburgh, National Association. No question was, or, indeed, could be, raised with respect to appellant's legal right to institute these proceedings. The defense interposed against his claim to recover from Holland's estate the amount of the judgment with interest was the presumption of payment after a lapse of twenty years from the date of its entry.

The principles of law applicable to the issue thus raised are well settled by a number of decisions of our appellate courts; reference to a few will be sufficient. Appellant, as assignee of the judgment, "has no better position than would the judgment creditor have occupied if it had not executed an assignment": Work v. Prall, 26 Pa. Superior Ct. 104, and cases there cited. The case of Lefever's Estate, 278 Pa. 196, is comparable, on its facts, with the case at bar and the principles there announced are equally applicable here. In that case our Supreme Court re-affirmed the principles stated in Gilmore v. Alexander, 268 Pa.

415, 421, and said: "The burden of removing the presumption of payment was on the plaintiff; whether the evidence was sufficient, where the question of credibility is not in issue, is for the court. After the lapse of twenty years a judgment is presumed to have been paid. Unlike a simple contract,—where the statute of limitations interposes a complete bar, in effect destroying the contractual obligation, requiring a new promise to pay to impose a new obligation,—in judgments and other specialties the presumption is one of payment; where there is affirmative proof that the debt has not been paid, the presumption is overcome, or rather does not arise. The evidence must be convincing to justify the conclusion that the debt is not in fact paid before the case can go to a jury. The presumption of payment is strengthened after twenty years, as time passes on." Again, in Sheafer v. Woodside, 257 Pa. 276, it was said: "The rule that after the lapse of twenty years debts of every kind are presumed to be paid is a rule of convenience and policy, resulting from a necessary regard for the peace and security of society, and also for the debtor, who should not be called upon to defend stale claims at a time when witnesses are dead, and papers lost or destroyed: Foulk v. Brown, 2 Watts 209; Eby v. Eby's Assignee, 5 Pa. 435. This presumption does not bar the debt, however. Unlike the statute of limitations, it is merely a rule of evidence affecting the burden of proof, but no new promise is required as the basis of an action: Eby v. Eby's Assignee, supra. Within twenty years the burden of proving payment is on the debtor, after that time it shifts to the creditors; Reed v. Reed, 46 Pa. 239. To rebut the presumption any competent evidence tending to show the debt is not in fact paid will be received. Although it need not be of the same quality as required to remove the bar of the statute of limitations (Gregory v. Commonwealth, 121 Pa. 611; Devereux's Est., 184 Pa. 429), it should, however,

be clear and convincing, especially where suit is not brought until after the death of the debtor, as in the present case: Fidelity Title & Trust Co. v. Chapman, 226 Pa. 312.''

The questions involved under the assignments are whether the court below erred in holding that the evidence admitted in behalf of appellant was not so ''clear and convincing'' as to prevent the presumption from arising and barring recovery, and whether the trial judge erred in excluding certain offers of evidence. The second and third assignments are based upon these rulings and will be first considered. Defendant's death and the passing of his rights to his administrator, c. t. a., materially affected appellant's competency as a witness.

The second assignment charges error in excluding appellant's offer of a page from a memorandum book, kept by him since 1906 and in which he recorded data considered important, upon which page appellant had written his version of a conversation he had with Holland on July 8, 1924, during which Holland said, according to the memorandum, that he had incorporated his business so the bank ''couldn't collect their judgment.'' Clearly, appellant, being not only a surviving party to the judgment but also having a present interest in the result of the litigation adverse to the right of the decedent, would not have been permitted, under the Act of May 23, 1887, P. L. 158, to testify to the declarations of Holland made in the course of the alleged conversation. The admission of the offer would have permitted him to introduce by indirect evidence forbidden by the act; it was properly excluded and the assignment is overruled.

The third assignment is based upon the refusal to admit in evidence two exhibits offered in behalf of appellant. Three exhibits are referred to, but one of them—a letter to appellant from one of his attorneys —was withdrawn. The others were alleged copies of

reports to counsel under dates of April 28 and June 23, 1914, from a credit agency relative to the financial condition of defendant. Apart from the question of the admissibility of such reports, upon which we do not pass, no attempt was made to account for the absence of the originals, nor was there any proof that the papers offered were true copies thereof. It should also be noted that the record fails to show any exception to the ruling. The assignment is dismissed.

Referring to the assignment raising the main question—the sufficiency of the evidence admitted—we observe that the only witnesses were appellant and one of his attorneys and that no question of credibility as between conflicting witnesses was involved. After stating his inability to locate any assets, real or personal, out of which the judgment could be collected, and that he had retained several attorneys for that purpose, appellant was permitted, over the objection of counsel for the administrator, to testify that no part of the debt had ever been paid to him. Under the view we take of the effect of this testimony it is not necessary to express an opinion upon the competency of appellant to so testify. Even if competent, the statement does not go far enough to sustain the burden of proof resting upon appellant; it does not exclude the possibility of payment having been made to the bank either before or after the assignment to appellant. No representative of the bank was called. As heretofore stated, there was no proof of notice to Holland of the assignment and its entry upon the record of the judgment was not notice to him: Work v. Prall, supra.

The substance of appellant's testimony, in addition to the statement we have discussed, was that neither he nor any of his attorneys had been able to locate any real or personal property of the defendant until after his death and that they then learned of the existence of certain assets from the statement filed in the

register's office by the administrator, c. t. a. The other witness was one of appellant's attorneys who had charge of the matter of the enforcement of the judgment from the latter part of 1913 to and including 1921. This witness testified that he endeavored, but was unable, to locate any assets of the defendant; that he made numerous inquiries and examinations of records and got reports through credit agencies which he transmitted to appellant; that appellant instructed him not to issue a scire facias unless he could find property upon which the judgment could be made a lien as appellant did not wish to incur any unnecessary expense; and that the papers were finally returned to appellant. There was no evidence that any oral or written demands for payment were made upon defendant. When the principles of law to which we have referred are applied to the competent evidence in behalf of appellant we think it clearly appears that the court below did not err in concluding that it was not sufficiently clear and convincing to sustain the burden of proof imposed, under the circumstances of this case, upon appellant, and the first assignment must also be overruled.

Judgment affirmed.