## Russo, Assignee, etc., v. Roberts et ux.

*Ralph J. Rinalducci* and *Alan J. Smith*, for plaintiff.
*W. Russell Green*, for defendants.

CORSON, J., March 27, 1934.—On March 7, 1933, the plaintiff issued a writ of sci. fa. sur mortgage against the above defendants. The plaintiff filed a statement of claim averring that the action was brought to recover from the defendants the sum of $1,250, with interest from February 1, 1904. It further appears from the præcipe that the mortgage upon which action was brought was dated July 27, 1903. Upon the filing of this statement, the defendants filed a petition under the Act of May 8, 1895, P. L. 44, alleging no payment of principal or interest upon such mortgage within 21 years, and seeking to have the lien of such mortgage discharged from the mortgaged premises.

In the sixth paragraph of the petition, the defendants allege that no payment had been made upon the said mortgage, and that no demand had ever been made for the payment of interest upon the mortgage within 21 years. The plaintiff in his answer to that petition neither admitted nor denied, but contended that, if such facts were material, proof was demanded. Upon the refusal of this court to decree a release of the mortgaged premises, the defendants filed an affidavit of defense to the statement of claim upon the merits.

Upon the affidavit of defense as filed, the plaintiff moves for judgment, alleging that the affidavit does not conform with the Practice Act of 1915. If the affidavit of defense is required to comply with the provisions of the Practice

Act, which, by its express terms, applies only to trespass and assumpsit actions, then it would seem that the statement of claim also should conform to the requirement of the same act. Admittedly, it does not.

The second paragraph of the affidavit avers: "The defendant is informed and believes, and therefore avers, that no payment or payments have been made on either principal or interest of such mortgage for at least 21 years, and the defendant is further informed and believes, and therefore avers, that his predecessor in title caused the said mortgage to be paid off in full."

In effect, the defendant pleads that the presumption of payment has arisen because of the fact that no payment has been made upon principal or interest within 21 years preceding the bringing of the action. This would not seem to be an unreasonable assumption from the statement of claim itself, in which the plaintiff claims principal and interest thereon from 1904, nearly 30 years prior to the bringing of the present suit.

It is useless to quibble over technicalities as to whether or not the defendant has properly pleaded the presumption of payment, for the reason that counsel for the plaintiff, both at the argument upon the petition to release the lien of the mortgage under the Act of 1895, supra, and at the argument in the present case, admitted that no payments of principal or interest had been made upon this mortgage since 1904. Where no payment of principal or interest has been made upon a mortgage during a period of 20 years, the mortgage is presumed to have been paid. This presumption, however, does not bar the debt but is more or less a rule of convenience placing the burden upon the plaintiff of rebutting the presumption so arising: Sheafer et al. v. Woodside et al., 257 Pa. 276; First National Bank of Pittsburgh, to use, v. Bank of Pittsburgh, 99 Pa. Superior Ct. 600.

A proper averment of nonpayment of interest or principal for more than 20 years is sufficient to raise the presumption and place upon the plaintiff the burden of producing affirmative proof that the debt has not been paid. The defendant cannot be asked to give the details of something which he avers never happened. While the defendants aver payment in the latter part of the second paragraph, yet this may be treated as merely the legal presumption arising from the averment in the first part of this paragraph. The defense of presumption of payment is not an absolute bar, such as the statute of limitations, but is sufficient to prevent the entry of judgment against defendant until the plaintiff has overcome the presumption raised. In this case, the presumption is raised not only by the affidavit of defense but appears upon the face of the plaintiff's statement of claim.

While it is true that the one payment of interest which was apparently made, of the interest due January 27, 1904, might have been paid at some later time, yet that fact is peculiarly within the knowledge of the plaintiff, and, if such interest was paid within 20 years prior to the starting of the action, such fact should be alleged. Under the terms of the mortgage as set forth in this sci. fa., the principal of such mortgage became due on November 27, 1903.

Ordinarily, the Practice Act of 1915 has no application to an action of sci. fa. sur mortgage: See Smith, Penna. Practice Act, 25, 27; Richardson Construction Co. v. First Windish, etc., Society, 19 Lack. Jur., 82.

However, our rules of court provide that pleadings shall conform with the requirements of the Practice Act of 1915 as far as adapted thereto. While the rules may regulate the form of such affidavit, they do not change the substance of the things that may be pleaded under the Act of 1705, 1 Sm. L. 57, sec. 6, which provides: "If the defendant in such *scire facias* appears, he or she may

plead satisfaction or payment of part or all the mortgage-money, or any other lawful plea, in avoidance of the deed or debt, as the case may require".

The defendant, we feel, has sufficiently pleaded his averment of nonpayment of principal or interest for more than 20 years, and therefore, the presumption of payment having been properly raised, it is obvious that judgment cannot be entered against the defendant no matter what may be contained in the remaining part of his affidavit of defense.

In view of our finding upon this point, it is unnecessary to discuss the remaining technical objections of the plaintiff to other parts of the affidavit of defense.

And now, March 27, 1934, for the reasons given in the foregoing opinion, the plaintiff's motion for judgment for want of a sufficient affidavit of defense must be and is hereby refused.