## Marsh, to use, Appellant, *v.* Bowen

Argued April 11, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*David Getz,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Charles M. Bolich,* for appellee.

OPINION BY MR. JUSTICE MAXEY, June 19, 1939:

Appellee Bowen gave a $10,000 mortgage on a property in Allentown to E. Amanda Marsh in 1924, to secure his bond in double that sum. She afterwards assigned the bond and mortgage to Frank H. Marsh, who in 1932 entered judgment on the bond against Bowen in the amount of $20,000, pursuant to proceedings to foreclose the mortgage. At the sheriff's sale on foreclosure the property was sold to Marsh and his wife for a nominal sum, to wit: one dollar and sheriff's costs. On October 1, 1937, Marsh assigned his judgment on the bond to appellant Casper, the use-plaintiff in the present suit, the consideration passing to Marsh being "one dollar and other valuable consideration," the other consideration not having been named but conceded to be only a few hundred dollars. Thereupon appellant brought an action to revive the judgment by the issuance of a scire facias sur judgment. Appellee

filed an answer and an amended answer, alleging as a defense that the judgment had been satisfied in full by a credit of the value of the foreclosed property on the mortgage debt, and also making certain allegations as to a conspiracy between appellant and the holder of certain mortgages on other property belonging to appellee. Appellant's rule for judgment for want of a sufficient affidavit of defense was discharged, the court below holding, in effect, that the facts averred in the amended answer were sufficient to prevent judgment of revival.

The question raised by the pleadings is whether appellee is entitled to raise, as against the assignee of the deficiency judgment on the foreclosure of the mortgaged property, the question of the inadequacy of the price for which the property was sold at foreclosure sale. It is not questioned that a valuable property was sold for a merely nominal sum. Appellee concedes that in the hands of the assignor, Marsh, who entered the judgment originally, the claim could be successfully prosecuted against the former to the extent of the full amount of the deficiency, irrespective of the actual or market value of the property. The price realized at the sheriff's sale fixes the amount which the mortgagor, or debtor, is entitled to have credited on the judgment representing the claim of the mortgagee-creditor; as to this it is conclusive and so likewise as to the balance of the debt constituting the deficiency: *Strauss v. W. H. Strauss & Co., Inc.*, 328 Pa. 72, 76-77, 194 A. 905; *Beaver Co. B. & L. Assn. v. Winowich*, 323 Pa. 483, 187 A. 481; *White's Est.*, 322 Pa. 85, 185 A. 589; *Penna. Co., etc. v. Scott*, 329 Pa. 534, 198 A. 115; and *Emlen's Est.*, 333 Pa. 238, 4 A. 2d. 143. In the last case cited, this court said (page 247): "The debtor could not, after the foreclosure, have required his creditor to satisfy the judgment or to allow credit on the ground that it had bought the property at a nominal bid at the execution sale."

Since the assignor of the judgment could have enforced it against appellee to the full extent of the deficiency, there is no logical or legal reason for denying his assignee this same right. The familiar doctrine that an assignee of a non-negotiable chose in action takes all the rights of his assignor and is subject to the equities against him needs no citation of authority. The ordinary rule as to assignments is equally applicable to judgments when assigned: *Fassit et al. v. Middleton,* 47 Pa. 214; *Datesman's Appeal,* 77 Pa. 243; *Noble et al. v. Thompson Oil Co.,* 79 Pa. 354; *Work v. Prall,* 26 Pa. Superior Ct. 104; *First Nat'l Bank v. Bank of Pittsburgh,* 99 Pa. Superior Ct. 600. In *White's Estate,* supra, a situation arose almost identical with that now before us and the assignee of the judgment was held entitled to claim the full amount of the deficiency. Of course, we are not here concerned with the question of a claim against an insolvent, as was the case in *Emlen's Estate,* supra, and the similar cases decided by this court at the same time.

The court below, in sustaining the defense, took the position that Marsh, in selling the deficiency judgment for a small consideration, impliedly accepted the real estate purchased at foreclosure sale and applied it on the mortgage debt at a valuation consisting of the difference between the latter and the amount for which the judgment was sold, thus reducing the amount of the judgment which was assigned to the price which appellant paid for it. We know of no legal principle which supports this conclusion. Apparently the court below stands alone in its decision. To accept this view would require us to hold that the purchase of the judgment, a transaction which took place entirely between Marsh and appellant and with which appellee had no connection, resulted in a situation diametrically opposed to what parties intended. This would be running counter to long-established law applying to assignments. We cannot do this merely because in the foreclosure

proceeding between the assignor and appellee, the latter was apparently in no position financially to protect himself, but even as to this the record here tells us nothing. The rule of law from which we are not permitted to depart even to succor an unfortunate debtor, is that the price brought at the foreclosure sale determined the amount to be credited on the mortgage debt. Nothing that thereafter took place between the judgment creditor and his assignee could affect the amount of the deficiency debt which remained due. It is not a question of extending what may appear to be a harsh rule of law beyond its present limits, so as to make it applicable between the mortgagor and third parties. Marsh's assignee, the appellant, was not a third party in the sense referred to in the cases cited by appellee. He was the assignee and privy of Marsh, and having acquired the judgment from Marsh, he took with it all the rights in respect to it which his assignor had.

We find nothing in the vague allegations as to appellant's conspiracies with other parties to justify a refusal to re-enter the judgment. They all concern transactions wholly distinct from the judgment in question. The averments relate to collateral matters and present no defense to the only question involved in this appeal, which is appellant's right to revive the judgment.

On the question of the amount which appellant may be rightfully entitled to collect on the revived judgment, so far as the exact sum for which the same should be entered and the application of proper credits thereon arising out of the foreclosure sale are concerned, the court below retains the power to control the enforcement of the judgment and the issuance of execution thereon to the extent that may be necessary to do justice to appellee: *Markofski v. Yanks,* 297 Pa. 74, 146 A. 569; *Keystone Bank of Spangler v. Booth,* 334 Pa. 545.

The order of the court below is reversed, and it is ordered that judgment be entered for the use-plaintiff, Casper, in conformity with this opinion.