## Commonwealth v. Snyder

*Brown, Swope & MacPhail,* for plaintiff.

*Eugene R. Hartman,* for defendants.

SHEELY, P. J., June 22, 1957.—This is a motion by plaintiff, the Commonwealth of Pennsylvania, for judgment on the pleadings in an action in assumpsit against Alton W. Snyder and Hallie A. Snyder. No answer to the complaint was filed by Alton W. Snyder and judgment has been entered against him for want of an answer. The sole question before the court is whether the answer filed by Hallie A. Snyder sets forth a good defense to plaintiff's claim.

The facts, which must be accepted as true for the purpose of this motion, are that beginning July 1, 1955, the Department of Public Assistance of the Commonwealth of Pennsylvania furnished general assistance to Hallie A. Snyder and aid to her dependent children, and continued to furnish such assistance until March 22, 1956, to a total amount of $742. The action was brought to collect this amount.

On July 14, 1955, the Department of Public Assistance caused a judgment to be confessed against Hallie A. Snyder in the Court of Common Pleas of Adams County in the sum of $2,000 on a reimbursement agreement executed by Hallie A. Snyder on June 23, 1955, before the assistance payments were started. The agreement recited that Mrs. Snyder did "acknowledge that my real and personal property is liable for the repayment of public assistance . . . granted or to be granted to or for me and/or to or for my spouse and minor children. . . . The purpose of this agreement is to give the Department of Public Assistance a lien

on any real property owned wholly or in part by me while assistance was received as above".

The agreement then authorized the confession of judgment and provided: "This judgment shall be a lien upon my real property; *and be collected as other judgments,* except as to the real and personal property comprising my home and furnishings. . . . It is further agreed that in the event the sum of $2,000 exceeds the amount required for payment of assistance as set forth above, my real property shall not be liable for any greater payment than the amount of assistance received, plus costs. It is agreed that at any time after assistance has ceased, the Department of Public Assistance will, at my written request, furnish me with a stipulation to be filed with the prothonotary of the court having record of this judgment, setting forth the exact amount of assistance received, for which my real property is liable, if such amount is less than the sum of $2,000."

Defendant, Hallie A. Snyder, pleads the existence of this judgment as a bar to the present action for the recovery of assistance paid to her and aid paid for her minor children.

"The rule generally applicable to judgments is that where a personal judgment in an action to recover money is rendered in favor of the plaintiff, or upon a counterclaim in favor of the defendant, the prevailing party cannot thereafter maintain an action against the other on the cause of action, but can maintain an action on the judgment. The general rule applies equally to judgments entered by agreement or consent, preventing the plaintiff from maintaining another suit on the same cause, but permitting him to maintain an action on the judgment": Annotation, 2 ALR 2d 560; 30 Am. Jur., Judgments, §155 p. p.; Restatement of the Law of Judgments, §47.

The basis of the rule is that a judgment settles everything involved in the right to recover including not only all matters that were raised, but those which might have been raised. "The cause of action is merged in the judgment which then evidences a new obligation": Lance v. Mann, 360 Pa. 26-28 (1948). As there stated: "The policy of the law requires that there be an end to litigation."

In Work v. Prall, 26 Pa. Superior Ct. 104, 107 (1904), it was said: "By the confession of judgment the plaintiff's cause of action became merged in the judgment. The original claim having served its purpose as evidence upon which a judgment was obtained, expended its force and the warrant of attorney authorizing the judgment was exhausted: . . . The note does not survive as a cause of action. In the very nature of the case the inferior obligation evidenced by the note has been changed into a matter of record and the remedy of the payee is on the judgment."

In the present case plaintiff does not predicate its right against defendant on the reimbursement agreement, but upon the defendant's statutory duty to repay assistance grants as provided by section 4 of The Support Law of June 24, 1937, P. L. 2045, as amended, 62 PS §1974. The duty prescribed by the statute, however, is identically the obligation assumed under the reimbursement agreement. It is obvious that the person who drafted the agreement drafted it to conform to the statute. The statute provides that: "The real and personal property of any person shall be liable for the expenses of his support . . . and for the expenses of the support . . . of the spouse and minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred. . . . Any public body or public agency may sue the owner of such property for moneys so expended, and any judgment ob-

tained shall be a lien upon the real estate of such person, and be collected as other judgments, except as to the real and personal property comprising the home and furnishings of such person. . . ."

Thus, any judgment recovered against defendant in this action would have exactly the same effect and would be based upon the same cause of action as the judgment now held by plaintiff. "To permit a plaintiff to prosecute in a second action, what was included in and might have been recovered in the first action, would be unjust and against the policy of the law, because it would harass a defendant and expose him to double costs": Wilson v. Hamilton, 9 S. & R. 424, 429 (1823).

One of the reasons for the entry of judgment against defendant on the agreement at the time assistance was started was to secure a lien of that date against any real estate defendant might own. But that does not give plaintiff the right to two judgments on the same cause of action on the theory that the first judgment was merely to obtain a lien and the second judgment was to determine the amount due. The judgment now held by plaintiff gives it the right to collect all amounts due from defendant's property. Where a plaintiff instituted an attachment proceeding under the Act of 1869 while another action was pending for the same debt, and judgment was subsequently entered in the pending action, that judgment was held to bar recovery in the attachment proceeding: Miller v. Rohrer, 127 Pa. 384, 388 (1889).

Plaintiff frankly admits that the purpose of the present action is to get a judgment against both defendants which will be a lien upon property owned by them as tenants by entireties and which is not covered by judgments against them individually. That purpose. however, does not alter the rules herein referred

to. In Butcher v. South, 10 Phila. 104 (1873), plaintiff brought suit against a husband and wife for the purpose of charging the separate estate of the wife for necessaries. The husband pleaded a former recovery against himself alone for the same cause of action. It was held that the second suit could not be maintained against the husband for the reason that already one judgment had been obtained against him for the same cause of action.

It follows that the Commonwealth is not entitled to a second judgment against Mrs. Snyder when it now has a judgment based on the same cause of action. This disposes of the sole question raised by the pleadings. There is, however, another question which might also be insurmountable as to at least part of the claim. Under section 4 of The Support Law "the real and personal property of any person" shall be liable for the assistance given. Mrs. Snyder's answer denies ownership of any real estate in her own name; she admits being the owner with her husband of certain real estate as tenants by entireties. But, in Department of Public Assistance v. Sharago, 381 Pa. 74, 77 (1955), it was held that "ownership of an entirety interest is not that kind of financial ability contemplated by the Act of 1937 which requires persons within a certain family relationship to support indigent kin". See also Commonwealth v. Hornacek, 347 Pa. 596 (1943).

Having disposed of this matter on the question raised by the pleadings, we have not considered the sufficiency of the complaint to support the judgment prayed for or the question whether section 4 of The Support Law permits a joint suit against husband and wife to recover assistance granted to one of them and their minor children.

And now, June 22, 1957, plaintiff's motion for judgment on the pleadings is denied. An exception to this order is noted on behalf of plaintiff.