## Unity Building and Loan Association v. Scott

*Franklin H. Spitzer, Jr.*, for petitioner.

*Samuel Melnick*, for respondent.

Bok, P. J., June 18, 1958.—In 1952 a bond and warrant, accompanied by a mortgage on premises 5728 Spruce Street, was given to the Unity Building and Loan Association by George and Doris Scott. The docket entries reveal that subsequently there was a default and in 1954 a writ of fieri facias was issued against the property. For reasons which do not appear, this execution was stayed. On January 24, 1958, this judgment was marked to the use of Martin Dorfman and on January 27, 1958, it was marked to the use of Ida Tonuci, who is the present use-plaintiff. An alias fieri facias was then issued. Before me now are

petitions to stay this execution and to open the judgment.

The stay of execution is sought by the Plymouth Mutual Life Insurance Company. In its petition it alleges that:

"2. Petitioner is plaintiff in an Equity Action presently awaiting trial during the current trial period, docketed as Plymouth Mutual Life Insurance Company vs. Lillian Gillyard, Joseph N. Williams and Martin Dorfman, C. P. No. 2, June Term, 1957, No. 4440. That action was instituted by petitioner and requests as relief that Martin Dorfman, the then holder of the mortgage and bond and warrant the basis of the action at bar, assign the same to petitioner. Petitioner's complaint in that action likewise requests that petitioner be subrogated to the rights of the Mortgagee and Obligee therein.

"3. The basis of petitioner's complaint in the Equity Action is that the obligation underlying the case at bar was fully paid, including interest and satisfaction fee with Petitioner's funds."

These allegations are admitted by the present use-plaintiff. In paragraph 4 of the petition it is further alleged that the judgment has been fully paid. This allegation is denied and it is averred that the sums of $1,200 and $1,275.62 with interest are still due Martin Dorfman. It is further alleged that "the use-plaintiff, Ida Tonuci, bought the said judgment and mortgage for value and without notice of any alleged payment to Martin N. Dorfman or of any other infirmity."

No depositions were taken and the averments in the answer are therefore taken as admitted: Pa. R. C. P. 209. Viewed as a whole, the pleadings reveal a dispute as to how much, if anything, is due on the judgment. This dispute will be resolved in the action now pending in Common Pleas Court No. 2. The allegations in paragraph 4 of the answer with respect to how much

is still owing do not negative the existence of this dispute. On the contrary, the answer indicates that at least part of the judgment has been paid. Where the amount due on a judgment is in doubt, the proper procedure is to stay the execution and direct an issue to determine how much is due: Brader v. Alinikoff, 85 Pa. Superior Ct. 285 (1925). It is not necessary for this court to determine how much is due on the judgment for that question is presently before Common Pleas Court No. 2. Under the circumstances, however, the execution should be stayed pending the outcome of that action.

As to the contention that the present use-plaintiff is a bone fide purchaser for value, this is of no significance. We are not dealing with a negotiable instrument: Marsh v. Bowen, 335 Pa. 314 (1939). I might also add that the allegation that Ida Tonuci is a bona fide purchaser without notice of payments to Martin Dorfman is somewhat incredible when one considers that Dorfman's attorney of record in these proceedings is not only the attorney for but also the husband of the present use-plaintiff.

The opening of the judgment is sought by one Lillian Gillyard. She alleges that she purchased the premises in question at a sheriff's sale and that the premises were "refinanced by Plymouth Mutual Life Insurance Company, who took a mortgage in the amount of $7,200 out of which payment was made to Martin N. Dorfman to liquidate the mortgage of Unity Building and Loan Association." The answer denies that payment was made from the $7,200 put up by Plymouth Mutual Insurance Company but admits that Martin Dorfman was paid. It is also alleged that the present use-plaintiff was a bona fide purchaser for value.

As pointed out previously, whether or not plaintiff is a bona fide purchaser for value is immaterial. Payment is alleged in the petition and not denied in the

answer. Under such circumstances, the judgment should be opened to determine if the payments are a proper credit against this judgment: Bowman v. Healy, 285 Pa. 464 (1917).

Rule absolute on the petition of Plymouth Mutual Life Insurance Company to stay the execution.

Rule absolute on the petition of Lillian Gillyard to open the judgment.